*F. T. Hord*, for appellant.

---

## The Evansville and Crawfordsville Railroad Company *v.* Baum.

NEGLIGENCE OF SERVANT.—LIABILITY OF MASTER.—A master is ordinarily responsible for the consequences resulting to others from the negligence or want of skill with which his employees do his business.

SAME.—WILLFUL TRESPASS OF SERVANT.—But for a willful and malicious trespass of a servant, not commanded or ratified by the master, but perpetrated to gratify the private malice of the servant, under mere color of discharging the duty which he has undertaken for his master, no action will lie against the master.

SAME.—But if the act of the servant was necessary to accomplish the purpose of his employment, and was intended for that purpose, then it was implied in the employment, and the master is liable, though the servant may have executed it willfully and maliciously.

SAME.—CORPORATIONS.—These rules apply equally to corporations as to private individuals.

SAME.—Suit against a railroad company for a trespass committed by a servant of the company. The complaint alleged that the plaintiff had paid his fare and was seated in the car, when he was violently assaulted and beaten, and ejected from the car, by a servant of the company; that the duty and employment of said servant was to provide seats for passengers and exercise care for their comfort, and that he then had charge of said car and committed said trespass in the course of his business as such servant.

*Held*, that the expulsion of the plaintiff from the car, where he lawfully was, if done without unnecessary violence, would give a right of action against

the company, and as this state of facts might have been proved under the allegations of the complaint, a demurrer to the complaint was correctly overruled.

PRACTICE.—A judgment will not be reversed for an error in sustaining a demurrer to a paragraph of an answer, if all the evidence admissible under such paragraph was admissible under another paragraph pleaded.

APPEAL from the *Vanderburgh* Circuit Court.

FRAZER, J.—This was a suit by *Baum* against the appellant. The complaint was in two paragraphs. In the first it was alleged that the plaintiff, being a passenger upon the defendant's road, having paid his fare, and being seated in one of its cars, at the proper time, to be transported to *Vincennes*, was violently assaulted and beaten, and thereby injured and disabled, and also forcibly ejected from the car, by one *Wilson*, an agent and servant of the defendant, who had charge of the car as such; that one of the duties of *Wilson*, as such servant, was to provide seats for passengers, and exercise care for their comfort, and that he committed the violence upon the plaintiff in the course of his business as such servant. The second paragraph differs from the first merely in the fact that it complains that, having purchased a ticket, the defendant refused to take him on its cars, or carry him as a passenger, though its servants had notice that he had bought and paid for a ticket.

The defendant unsuccessfully questioned the sufficiency of each paragraph of the complaint by demurrer, and assigns for error the action of the court below thereon.

The only objection made here to the second paragraph is that it does not aver an offer to pay fare or deliver up his ticket. The point is not much pressed, however, and we think it is not well taken. It is, in effect, alleged that he had paid his fare, and that the defendant's servants in charge knew it. Surely he was not required to pay it a second time; and we know of no rule of law requiring him to deliver up his ticket before being admitted to the car. If the defendant had such a regulation it must be shown.

The first paragraph of the complaint presents a question of more difficulty. We think that it shows that the employee, *Wilson*, had general charge and control of the car in which the plaintiff was seated, and that it does not appear by the averments that his duties were confined to providing seats for passengers, and caring for their comfort. The violence committed by him was not, therefore, as is insisted for the appellant, wholly disconnected with the business which he was employed to do, assuming, as we must on demurrer, that the paragraph is true. The case made then is one where the servant needlessly does an act, under color of his employment, in a brutal and inhuman manner, willfully and violently, without express authority from the master to use such brutality; and a question presented and discussed is whether, in such a case, the maxim *respondeat superior* applies.

A master is responsible, ordinarily, for the consequences resulting to others from the negligence or want of skill with which his employees do his business. This responsibility results from the duty which he owes to others, as a member of the community, to employ careful and skillful servants; to the end that his fellow men may not suffer by the negligence or ignorance with which the master's business is done. It is but a reasonable requirement, easily fulfilled, and the law in this respect requires merely the performance of that which a proper care for the rights of third persons would demand. But a willful and malicious trespass of the servant, not commanded or ratified by the master, but evidently perpetrated to gratify the private hate or malignity of the servant, under mere color of discharging the duty which he has undertaken for his employer, has been held by a uniform and unbroken current of decisions, ever since *McManus* v. *Crickett*, 1 East 106, to give no right of action against the master. The servant himself is, in such case, held to be liable to the injured party, though he is, in general, not so liable to strangers for the consequences of mere

negligence in the course of his employment. Story on Agency, § 308, and cases cited in the note. *Richmond, &c. Co.,* v. *Vanderbilt,* 1 Hill 480, S. C.; *Vanderbilt* v. *The Richmond Turnpike Co.,* 2 Comst. 479; *Wright* v. *Wilcox,* 19 Wend. 343; *Hibbard* v. *New York and Erie R. R. Co.,* 15 N. Y. 455; *Illinois Central R. R. Co.* v. *Downey,* 18 Ills. 259; *Tuller* v. *Voght,* 13 Ills. 277; *Johnson* v. *Barber,* 5 Gilman, 425. It is not to be understood, however, that the master is never liable for the willful and malicious acts of the servant, unless he has directed those specific acts to be done. The rule is not so broad as that. If the act of the servant complained of was necessary to be done to accomplish the purpose of the servant's employment—if it was essential as a means to attain the end directed by the master, and was intended for that purpose, then it was implied in the employment, and the master is liable, though the servant may have executed it willfully and maliciously. But when it is unnecessary to the performance of the master's service, and not really intended for that purpose, but is committed by the servant merely to gratify his own malice, though under pretense of executing his employment, it is not done to serve the master, and is not, in fact, within the scope of the employment, and the master is, therefore, not liable. *Gregory* v. *Piper,* 9 B. & C. 591; *Croft* v. *Alison,* 4 B. & Ald. 590. Under the circumstances last enumerated, it is not easy to perceive, in the nature of things, any just reason for holding the master responsible. It will not do to say that he shall answer in damages, because, by employing the servant, he gives him opportunity to maltreat those with whom he comes in contact in discharging his duties. That reason would hold the shopkeeper for any outrage committed by his clerk upon a customer; the mechanic for the like conduct of his journeyman; and, indeed, it would be equally applicable to almost every department of business, in the conduct of which it is necessary or convenient to employ assistants to deal with the public. Even the innkeeper, whose cook feloniously mingles poison with the

food of a guest, must then respond in damages for the injury. Nor will sound policy maintain the application of a rule of law to railways or corporations, on this subject, which shall not be alike applied to others, as has been intimated in some quarters. The suggestion is not fit to be made, much less sanctioned in any tribunal pretending to administer justice impartially. 7 Eng. L. & E. R. 549.

Standing in opposition to the law thus settled by innumerable cases, only a few of which we have deemed it necessary to cite, is the case of *The Pennsylvania R. R. Co.*, v. *Vandiver*, 42 Penn. St. R. 365; 15 Ark. 118; and a *dictum* in *Seymour* v. *Greenwood*, 30 Law J. (Exch.) 189, with the observations in Redfield on Railways, 380, note. The *Pennsylvania* case seems to have been based on a *dictum* of the Chief Baron in *Seymour* v. *Greenwood*. The point was not involved in the latter case, and the remark upon it cannot, therefore, be regarded as authority. It is quite probable, from an examination of the opinion in the *Pennsylvania* case, that the authorities upon the subject were not very fully considered by the court, for they are not reviewed or alluded to. The *Arkansas* case cites no authority in its support. Mr. *Redfield's* discussion evinces an evident misapprehension of the scope of Lord KENYON's opinion in the leading case of *McManus* v. *Crickett*, and of the point actually involved. It is true that that case might have been disposed of solely upon the point, merely technical, that trespass would not lie against a master, for the act of the servant. But the court proceeded further, as it might properly, and passed upon the question whether the master was at all liable for the willful act of the servant, done without his direction or assent. This has ever since been so understood by elementary writers, as well as by the courts of *England* and this country. The decision then made has been so long followed, and so uniformly deemed to settle the law upon the question, that its correctness cannot now be regarded as open for discussion.

What has been said disposes also of the question made upon the action of the court in sustaining a demurrer to the first paragraph of the answer, which alleged that it was no part of the servant's duty to remove persons from the car, and that the expulsion, beating, &c., were done by him willfully, and of his own malice. But the expulsion of the plaintiff from the car, where he lawfully was, and had a right to be, as appears by the first paragraph of the complaint, if done without unnecessary violence, would give him a right of action; and this might have been proved under the allegations of that paragraph. We think, therefore, that the demurrer to it was properly overruled.

The second and third paragraphs of the answer were addressed to the second paragraph of the complaint, and admit a refusal by the defendant's servant to carry, but allege that he had no authority to do so, and that the defendant, having learned of such refusal, offered to carry the plaintiff on the same train, and on any of its trains since.

We perceive no reason why these paragraphs were not good, and none is suggested. It seems to us that it was error to adjudge them bad on demurrer.

But inasmuch as a general denial was subsequently filed, under which the facts alleged in each of the paragraphs of the answer already alluded to would have been admissible in evidence, we would not reverse the case in consequence of the action had upon the demurrers to those paragraphs.

The evidence is in the record, and utterly fails to make a case against the defendant. It falls far short of sustaining even the allegations of the first paragraph of the complaint, as to the assault and battery, (which we have seen were insufficient, if true), for there was not only no proof that the servant who committed the outrage had general charge of the car, but the contrary was distinctly shown, and that it was no part of his duty to interfere with per-

sons seated within it.   Under such circumstances the verdict should have been promptly set aside.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial.

*A. Iglehart*, for appellee.

*J. M. Shackelford* and *C. Denby*, for appellee.