Brokaw v. N. J. R. and Transportation Co. and Campbell.

was, in legal effect, the possession of the wife. His posses-
sion did not interrupt hers. His rights were her rights, and
when he died her possession had never been interrupted.

The question for the jury to say was, whether the posses-
sion of Mrs. Lloyd had been adverse for more than twenty
years before suit brought.

I think the verdict should be set aside, and a new trial
granted.

Verdict set aside.

---

GARRET BROKAW v. THE NEW JERSEY RAILROAD AND
TRANSPORTATION COMPANY AND WILLIAM CAMPBELL.

1. An action of trespass for an assault and battery will lie against a cor-
poration.

2. In such action, an individual may be joined, as a co-defendant, with a
corporation.

3. The question whether a corporation is liable for the tortious acts of its
agents or servants, is to be determined by the same principles, as de-
termine the question of the liability of a master for the torts of his
servant.

4. An authority given by the board of directors, will not, in all cases, be
the authority of the corporation. To fix the liability of a corpora-
tion, for the tortious act of one of its employés, done in obedience
to the commands of its officers, the act must be connected with the
transaction of the business for which the company was incorporated.

In trespass.    Demurrer to declaration.

The plaintiff declared against the defendant for removing
and ejecting him, with force and arms, &c., out of one of the
cars of the said railroad company, while he was traveling in
said car, on the road of said company, and thereby bruised and
wounded him, to his great damage, &c. To this declaration
the defendants put in a general demurrer, which was argued
before the CHIEF JUSTICE, and Justices VREDENBURGH,
WOODHULL, and DEPUE.

For the defendants, *I. W. Scudder.*

For the plaintiff, *H. V. Speer.*

The opinion of the court was delivered by

DEPUE, J.    The declaration in this case charges that the New Jersey Railroad and Transportation Company, by their servants and William Campbell, the other defendant, with force and arms, assaulted the plaintiff, and ejected and expelled him from a certain car in which he was riding, on the New Jersey railroad, and wounded, bruised, and ill-treated him.

To this declaration the defendants have filed a general demurrer, and upon the argument two questions were raised :

*First.* Whether an action of trespass, for an assault and battery, can be maintained against a corporation, and

*Second.* Whether in such action an individual can be joined as a co-defendant with a corporation.

In the earlier cases it was held that an action of trespass could not be maintained against a corporation aggregate, for the technical reason that a *capias* and *exigent,* the proper process in actions of trespass, would not lie against a corporation ; but this technical objection was not uniformly yielded to, as instances of actions of trespass against corporations are to be met with as early as the year books.    *A. & A. Corp.,* § 385 ; *notes to Maund* v. *Monmouthshire Canal Co.,* 4 *M. & G.* 454.    As corporations became more numerous and were multiplied, until aggregated capital, seeking investment for the purposes of business, is generally invested under acts of incorporation to protect individuals from personal liability, technical objections which stood in the way of subjecting corporations to actions founded on torts have been entirely swept away, and corporations have been held liable for all torts, the same as individuals.    That they may be sued in trover, case, trespass *quare clausum fregit,* trespass *vi et armis,* and ejectment, is abundantly established by the cases

cited by Green, C. J., in *State* v. *The Morris and Essex Railroad Company*, 3 *Zab.* 367.

A corporation is liable for injuries resulting from neglect to repair a bridge, where the obligation to repair lies on them. *Ward* v. *The Newark and Pompton Turnpike Co., Spenc.* 323; for obstructing the flow of water, whereby lands are overflowed—*Tinsman* v. *The Belvidere Delaware Railroad Company*, 1 *Dutcher* 255; *Chestnut Hill Turnpike Co.* v. *Rutter*, 4 *S. & R.* 6; for making an unlawful distress —*Smith* v. *The Birmingham and Staffordshire Gas Light Co.*, 1 *A. & E.* 526; for deceit and fraudulent representations—*Fogg* v. *Griffon*, 2 *Allen* 1; *National Exchange Co.* v. *Drew*, 32 *Eng. L. & Eq.* 1; *Barwick* v. *The English Stock Bank, L. R.*, 2 *Exch.* 259; for fraud in issuing spurious stock—*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 38 *Barb.* 534; *S. C.*, 7 *Tiffany* 30; for wrongfully and maliciously obstructing a party in his business—*Green* v. *The London Omnibus Co.*, 7 *C. B.* (*N. S.*) 290; for maintaining a vexatious suit— *Goodspeed* v. *The East Haddam Bank*, 22 *Conn.* 530; for a malicious libel—*Whitfield* v. *The S. E. Railway Co., E., B. & E.* 115; *Philadelphia & W. & B. R. R. Co.* v. *Quigley*, 21 *Howard* 202; and for an assault and battery and false imprisonment—*Railway Co.* v. *Broom*, 6 *Exch.* 314; *Chilton* v. *The London, &c., R. Co.*, 16 *M. & W.* 212; *Roe* v. *Railway Co.*, 7 *Exch.* 36; *Seymour* v. *Greenwood*, 6 *H. & N.* 359; *Goff* v. *Great Northern R. Co.*, 3 *E. & E.* 672; *Moore* v. *The Fitchburg R. Co.*, 4 *Gray* 465; *Hewett* v. *Swift*, 3 *Allen* 420; *Evansville and Crawfordville R. Co.* v. *Baum*, 26 *Ind.* 70.

And generally it may be stated that a corporation is liable *civiliter* the same as a natural person, for the tortious acts of its servants or agents, in the course of their employment, committed by the authority of the corporation, express or implied, whether such acts fall within the designation of forcible, negligent, malicious, or fraudulent torts, and without regard to the form of action by which the appropriate remedy is sought. *Phila. & Reading Railroad Co.* v. *Derby*,

14 *How.* 486; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 7 *Tiffany* 30, and per Davis, J., on *p.* 49; *Bissel* v. *The Michigan Southern Railroad Co.*, 22 *N. Y.* 258; *Philadelphia, W. & B. R. Co.* v. *Quigley*, 21 *How.* 202; per Pollock, C. B., *Roe* v. *Railway Co.*, 7 *Exch.* 40; *Story on Agency*, § 308.

And upon the trial, the question whether the corporation is liable for the acts of its servants or agents, will depend upon the same principles which govern the liability of a master for the acts of his servants. Where it is sought to hold the master liable for the trespass of his servant, the rule is somewhat different from what it is when the *gist* of the action is negligence. The distinction is tersely stated by Parke, B., in *Sharrod* v. *Railway Co.*, 4 *Exch.* 585, as follows: " The maxim, ' *Qui facit per alium facit per se*,' renders the master liable for all the negligent acts of the servant in the course of his employments, but that liability does not make the *direct* act of the servant the *direct* act of the master. Trespass will not lie against him; case will, in effect, for employing a careless servant, but not trespass, unless, as was said by the court in *Morley* v. *Gainsford*, 2 *H. Bl.* 412, the act was done by his command—that is, unless either the particular act which constituted the trespass is ordered to be done by the principal, or some act which comprised, or some act which leads by a physical necessity to the act complained of."

If the trespass was committed by the agent of the company, wilfully, or of his own malice, under color of discharging the duties of his employment; or if he has departed beyond the line of his duty to commit a trespass, the company will not be liable. But if the act of the agent was authorized by the rules and regulations of the company, or was necessary to accomplish the purposes of his employment, the company is answerable, even for the unnecessary violence of the agent. *Phila. & Reading R. Co.* v. *Derby; Seyman* v. *Greenwood; Railway Co.* v. *Brown; Roe* v. *Railway Company; Hewitt* v. *Smith*, cited above; *Smith on Master and Servant* 151; *Vanderbilt* v. *The Richmond Turnpike Co.*, 2 *Coms.* 479.

In considering the question whether the agent has the authority of the corporation, so as to make it answerable for his act, the purposes for which the company was incorporated must not be overlooked. An authority given even by the board of directors, in express terms, will not, in all cases, be the authority of the corporation. The directors are only agents themselves, and their powers are necessarily limited within the scope of the purposes for which the corporation was created, beyond which they are not authorized to bind the corporation. To fix the liability of a corporation for the tortious act of one of its employés, done in obedience to the commands of its officers, the act must be connected with the transaction of the business for which the company was incorporated. If the directors should order an agent to take a person out of his house and beat him, the corporation could not be held for the assault and battery; or if the directors of a banking company should purchase a steamboat, and engage in transporting passengers, the corporation would not be liable for the misfeasance or non-feasance of agents employed in that business. But if the directors of a corporation having power to hold lands, order an agent to enter on lands and take possession of them for the legitimate uses of the company, his entry, if unlawful, will be the trespass of the corporation. So if the directors, acting in their official capacity, adopt rules and regulations for the transaction of the corporate business of the company, and provide for the enforcement of such rules and regulations, and authorize its agents or servants to carry them into effect, the corporation will be liable for the acts of such agents or servants, in the course of such employment. In *Railway Co.* v. *Brown*, 6 *Exch.* 325, Patterson, J., says: " An action of trespass for assault and battery will lie against a corporation, whenever the corporation can authorize the act done, and it is done by their authority," and Erle, C. J., in *Green* v. *The London Omnibus Co.*, 7 *C. B.* (*N. S.*) 301, says: " The ground of demurrer is that the declaration charges a wilful and inten-

tional wrong, and that the defendants, being a corporation, cannot be guilty of such a wrong, and, therefore, the action will not lie. But the whole of the acts that are charged against the defendants are acts connected with driving vehicles, and the defendants are a company incorporated for the purpose of driving omnibusses, and, therefore, the acts alleged to have been done by them are all acts which are within the scope and object of their formation."

In *National Exchange Co.* v. *Drew*, the fact that the company is benefited by the transaction in which the fraud was committed, is assigned as a reason for holding it liable for the fraud of their directors.

In *Phila. & W. & B. R. Co.* v. *Quigley*, the libel for which the corporation was held answerable was contained in a report made by the directors to the company of the result of an investigation into the accounts of an employé, which the directors had authority to investigate, and were authorized by a meeting of the stockholders to make public. See, also, 2 *Hilliard on Torts* 473.

The demurrer admits that the servants of the corporate defendant had competent authority to commit the assault and battery, and the case comes directly within the cases above cited. Whether, in point of fact, the servants of the company had such authority, and the corporation is liable for their acts, is a question of fact, to be determined at the trial.

The second ground of demurrer is, that William Campbell is joined as a defendant with the New Jersey Railroad and Transportation Company. The joinder is proper; for, in trespass, all the actors are principals, and may be joined in one suit; and an individual and a corporation may be joined as defendants in the same suit. 1 *Vin. Ab., Abatement Z, p.* 32; *Bro. Corporations, pl.* 24.

Both the defendants are charged as principals, and it does not appear that Campbell was the servant of the company, and if it did, the joinder would still be proper. A joint action of tort, in the nature of trespass, may be maintained against

a corporation and its servants for a personal injury inflicted by the latter in discharging the duties imposed on him by the corporation. *Hewett* v. *Swift et al.*, 3 *Allen* 420 ; *Moore* v. *Fitchburgh R. Co. et al.*, 4 *Gray* 465.

In considering this case, we have not overlooked the case of *Orr* v. *The Bank of U. S.*, 1 *Ohio* 28, which was much relied on by the defendants' counsel. That case proceeds on principles long since obsolete, and is against all the later authorities.

The demurrer is overruled.

CITED in *Dock* v. *Elizabethtown Steam Manufacturing Co.*, 5 *Vroom* 316.