### LARNED ET AL., EXECUTORS, *v.* MALONEY.

[No. 2,334.    Filed February 1, 1898.]

BONDS.—*Execution and Delivery.—Date.*—Where a contract is made dependent upon the contractor filing a bond upon a certain date, and such bond was executed and delivered within the time stipulated in the contract, the fact that the bond was dated two days later than the stipulated time would not invalidate the contract. *pp. 199-201.*

PRACTICE.—*Harmless Error.*—No error was committed in sustaining a demurrer to an answer where the facts pleaded therein were admissible under the general denial pleaded. *p. 201.*

MUNICIPAL CORPORATIONS.— *Improvements.— Assessment Liens.*—A property owner cannot object to assessments made for the construction of a sewer on account of the failure of the contractor to file a bond as provided in the contract with the city. *pp. 201, 202.*

From the Lake Circuit Court. *Affirmed.*

*C. R. Collins* and *J. B. Collins,* for appellants.

*Peter Crumpacker, W. B. Reading* and *Olds & Griffin,* for appellee.

HENLEY, J.—Appellee was employed by the city of Hammond to construct and build a certain brick sewer in said city. The contract of employment is long and embraces every detail of the work to be done. That paragraph or part of the contract which is discussed by the parties to this appeal is as follows: "And it is further provided hereby, and understood, that said second party shall execute his bond payable to said city in the sum of five thousand dollars, with sureties satisfactory to and to be approved by said common council which bond shall be conditioned for the faithful performance and complete carrying out

of this contract in every particular and contemplating all the provisions and conditions, exigencies, and contingencies hereof, which bond shall refer to this contract and its provisions, and this contract shall not be in force and operative until the said bond is filed with the clerk of said city and approved by the said common council and if such bond' is not filed on or before 7 o'clock p. m. on the 16th day of October, 1894, the contract shall be utterly void, and said party of the second part shall have no right hereunder 'or under his bid for the construction of said improve-. ment." That every step taken by the common council for the city of Hammond looking toward the construction of the sewer was in all respects legal, is not questioned, and the city of Hammond is not here complaining of any failure of appellee to perform his contract. It is an undisputed fact that appellee did build the sewer under the contract and that the work was without objection accepted by the city. Appellants are parties against whom benefits are assessed for the construction of the sewer, and were proceeded against by the appellee, the contractor, under section 4298, Burns' R. S. 1894. Under this section of the statute the proceedings of the common council became the complaint of the appellee in the circuit court. Appellants answered the complaint in two paragraphs, the first a general denial, the second was in the following words: "And for a second and further paragraph of answer says, that the plaintiff never carried out his part of the alleged contract between plaintiff and the city of Hammond in this that the plaintiff never filed any bond as conditioned in said alleged contract and that the said contract is null and void."

A demurrer was sustained to the second paragraph above set out. There was a trial and finding in favor

of appellee, an order foreclosing the lien of the assessment against appellants' real estate, and an order to sell the same.

With due regard for the views of appellants' learned counsel, we are of the opinion that there is no merit in this appeal.

If, indeed, it was necessary that appellee should prove that he had duly executed a bond to the acceptance of the common council of the city of Hammond, and that all this should be done prior to a certain hour of a certain day in order to maintain his action against appellants, the objection could be of no force because it is in evidence that the bond of appellee was filed on the 14th of October with the clerk of the city of Hammond, and was by the common council of said city duly approved on the 15th of October, all within the time stipulated in the contract. The fact that the bond itself was dated on the 17th is not controlling, as its execution, delivery, and acceptance completes the transaction. If, as appellant argues, it was necessary for appellee to prove these facts with relation to the execution of the bond, then the general denial filed by appellant put them in issue and there was no evidence admissible under the second paragraph of answer which was not admissible under the first paragraph of answer. The action of the court in sustaining the demurrer to the second paragraph of answer was not available error, for this reason if for no other. Then again, appellants were not parties to the contract; the only parties to the contract were appellee and the city of Hammond, and if it had been a fact that appellee failed to comply with his contract in regard to the bond, who but the city of Hammond could declare the contract forfeited? Under this statute, section 4298, *supra*, any interested person could enjoin the work being done, on account

of any irregularities in the proceedings, but it is expressly laid down in said statute "That nothing herein shall be so construed as to prevent any person from obtaining an injunction upon the proceedings prior to the making of any such improvements."

The cases cited in appellants' brief are not in point. The principles of law contended for by counsel for appellants are sound, but are not applicable to this cause. Cases going to show that the city of Hammond could have declared the contract forfeited, and that appellee had no rights thereunder in case appellee failed to comply with the conditions as to the time of the filing of the bond, do not tend to show that a stranger to the contract would be entitled to the same rights thereunder. So far as the record shows, appellants' property was legally and rightfully assessed; there is no complaint that the assessment is too large, the improvement was made and accepted by the party whose duty it was to accept the same and to the acceptance of the party to whom the bond was given. We are certain that appellants cannot now complain. It is no defense to an assessment that the contract was not performed strictly according to its terms. The city council is the judge that decides whether or not the contract has been, in all requirements, fulfilled, and if the work is by the city council accepted, the property owner can, in the absence of fraud, interpose no objection in an action to enforce the lien of the assessment. We are fully sustained in this position by the late case of *Bozarth* v. *McGillicuddy*, ante, 26, and the case of *Darnell* v. *Keller*, 18 Ind. App. 103. We find no error in the record. Judgment affirmed.