## GUYNN v. DAUGHERTY.

[No. 8,043. Filed June 19, 1913.]

1. APPEAL.—*Review.*—*Ruling on Motion to Make Complaint More Specific.*—Where a complaint to recover on a written agreement for the payment of a certain sum, alleged that the consideration therefor was the payee's agreement to dismiss certain actions which he had pending against defendant and to permit judgment by default in a proceeding to set aside the probate of a certain will, and alleged generally that such payee had performed his part of the agreement, the overruling of a motion to make such complaint more specific by stating the titles of the actions and whether such causes as were agreed upon were in fact dismissed was not erroneous. p. 603.

2. CONTRACTS.—*Actions.*—*Complaint.*—*Sufficiency.*—A complaint by the assignee of a written agreement for the payment of certain money to be derived from the sale of certain property, to recover on an amount alleged to be due thereon, setting forth the agree-

ment and the assignment thereof, alleging the consideration for its execution to be the dismissal of certain pending actions and payee's agreement to permit judgment by default in a certain proceeding, and alleging generally the payee's performance of his part of the agreement, that defendant had sold the property and that a certain amount was still due from defendant out of the proceeds thereof, was sufficient to withstand a demurrer. p. 603.

3. APPEAL.—Review.—Harmless Error.—Ruling on Demurrer to Answer.—Sustaining a demurrer to a paragraph of answer, the material allegations of which were provable under other paragraphs, was not erroneous. p. 603.

4. INTEREST.—Right to Recover.—Review on Appeal.—Where there has been a vexatious delay in the payment of an amount due, interest may be charged from the date when due, so that in an action for the recovery of a sum alleged to be due plaintiff, where there was some evidence warranting the trial court in finding that there had been vexatious delay, its action in allowing interest will not be disturbed on appeal. p. 604.

5. APPEAL.—Review.—Verdict.—Evidence.—The court on appeal will not disturb the judgment of the lower court on the weight of the evidence. p. 605.

From Grant Circuit Court; *Henry J. Paulus*, Judge.

Action by Lawrence L. Daugherty against Katheryne M. Guynn. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*D. F. Brooks*, for appellant.

*Warren G. Sayre* and *Nelson G. Hunter*, for appellee.

SHEA, J.—Action by appellee against appellant, Katheryne M. Guynn, on a contract whereby she agreed to give William A. Newman a portion of money to be collected by her from the sale of certain hotel furnishings. The contract was assigned by Newman to appellee. The complaint in substance alleges that on March 12, 1908, appellant entered into the following contract:

"For value received, I hereby agree to give William A. Newman the first money collected to the amount of $3,000.00 on the sale of the Tremont Hotel furnishings, and after I have received $3300 therefrom, the balance shall be equally divided between the parties hereto as collected. It is further agreed that in case of the sale of the power house equipment the net receipts there-

from shall be equally divided as collected.    In witness whereof we have hereunto set our hands in duplicate this 12th day of March, 1908.
(Signed)    Katheryne M. Guynn    (Signed)    William A. Newman.''

that the consideration for this contract was that Newman would dismiss certain suits he had pending against her in the Wabash Circuit Court, one by William A. Newman v. Katheryne Guynn to dissolve a partnership between them and for an accounting, one to require appellant's husband to file an inventory and give additional bond as administrator of the estate of Mary A. Newman, and one to recover certain real estate and insurance money and also to allow a default to be taken against him in said court in a suit to set aside the probate of the will of Mary A. Newman, and to make proof of a subsequent will; that he would refrain from bringing certain other suits against her, and consent to the sale of the property described in the agreement, all of which Newman did; that on the same day appellant sold · the Tremont Hotel furnishings for $10,000, $3,000 of which she received on account of the sale; that Newman was entitled to recover the first $3,000 received by appellant, and half of the residue, or $1850, $2500 of which is due and unpaid, for which this action is brought.    Appellant has paid Newman on said account $500, and he has made demand for the residue, but payment has been refused; that on or about July 1, 1909, William A. Newman, for value, sold and assigned the contract to appellee by writing on the back thereof ''For value received I hereby assign this contract to Lawrence L. Daugherty, June 22, 1909.    William A. Newman''.    That on the same day he also assigned the contract to appellee in writing as follows:

''For value received, I hereby assign, transfer and make over to Lawrence L. Daugherty, of Wabash, Indiana, the contract to which this is attached (being the contract sued on) as an assignment thereof and all avails thereof for himself and as trustee  *  *  * And said Daugherty is hereby authorized and empow-

ered to collect whatever is due and all that is to become due under said contract by suit or otherwise in his own name * * *. Done at Wabash, Indiana, this 22nd day of June 1909. William A. Newman.''

That there is due appellee under the contract the sum of $2500, and interest for a year and a half, which is wholly unpaid, and for which amount judgment is demanded.

Appellant's motion to make the complaint more specific was overruled, and an answer in four paragraphs was then filed, the first a general denial. The second avers, in substance that appellant admits the execution of the contract sued on, but says after making it, Newman, instead of allowing default to be taken in the case of Katheryne M. Guynn v. William Newman et al. described in the complaint, did allow the default to be taken, but on the same day after the proof had been heard procured his attorney to request the court not to render judgment in the case until further notice. The court, upon this request withheld its decision authorizing the will for the probate of which suit was brought, to be probated, and while the decision was held in abeyance, one Harry Newman began a suit to resist the probate of the will; that the will is not yet probated and the suit still pending; that Harry Newman was unable to give bond to set aside the probate of the will, and if same had been allowed to be probated as agreed upon, the suit to resist the probate would not have been brought, all of which facts were well known to William A. Newman; that by reason of these facts, and the conduct of said William, appellant has been compelled to defend the suit at an expense of $500; that as a part of the contract sued on, and the consideration therefor, William A. Newman agreed to assist her in every way in his power to perfect her title to certain property in Wabash County given her under the will and a deed from her mother Mary A. Newman, and to make an amicable settlement of her mother's estate, but, in violation of his promise, he immediately set to work to defeat this result, and had Harry Newman bring suit in the Wa-

bash Circuit Court asking to have set aside a deed of convey-
ance from Mary A. Newman to appellant for 108 acres of
land in said county, and also bring two other suits against
her for the purpose of antagonizing her; that she was com-
pelled to defend these suits at an expense of $1,000, in addi-
tion to the $500 spent in defending the suit to resist the
probate of the will, which sums she asks may be recouped
against William A. Newman and found due her.   The third
paragraph avers that she collected, pursuant to the con-
tract sued on, $6,022.69, and paid William Newman $500
in cash; that by a subsequent oral agreement between her
and said William, and before the assignment of the con-
tract to appellee, it was agreed that out of the money col-
lected under the contract certain bills, (which are set out)
owing by appellant and William A. Newman jointly, and
by Newman himself, were to be paid; that it was further
agreed between them that one-half of the proceeds from
the sale of the saloon and the furniture and fixtures in the
sum of $500, might be retained by Newman, making a total
paid to him of $2,038.17; that certain other indebtedness
of said William should be paid out of the funds arising
from the sale of the property, (setting out the amounts,)
and copy of a contract to this effect is made a part of this
paragraph of answer by exhibit; that appellant has made
all these payments and stands ready to abide the order
of the court and pay all the residue of the money in her
hands belonging to said Newman or his grantee by the con-
tract sued on whenever the court may direct; that there
was nothing due appellee at the time of the commencement
of this action, and she asks judgment for costs.   The fourth
paragraph avers full payment by appellant to appellee's
grantor of all money collected under the contract sued on,
before the same was assigned and suit brought.

Appellee filed demurrers to the second and third para-
graphs of appellant's answers, which the court sustained

as to the second and overruled as to the third.  Appellee then replied in general denial to the third and fourth paragraphs of answer, and also filed two affirmative paragraphs of reply to the third.  The issues formed were submitted to the court for trial.  After hearing the evidence, the court rendered judgment in favor of appellee for $2,825.

1. The first error assigned and argued is that the motion to make the complaint more specific should have been sustained for the following reasons:  (1) That plaintiff (appellee) be required to state in his complaint the title of the suits in the Wabash Circuit Court that were to be dismissed by him.  (2) The title of the case in which William A. Newman was to suffer a default. (3) Whether Newman did dismiss such causes as were agreed upon and abandon such claims.  The complaint alleges a substantial compliance with the contract.  The acts to be performed by Newman are sufficiently set out, and it is alleged generally that he performed all his part of the agreement.  This, we think, was sufficient for the purposes of the question involved, and therefore no error was committed in overruling the motion to make the complaint more specific.  The next error assigned is the

2. overruling of appellant's demurrer to the complaint. The complaint contains all the essential allegations, and no error was committed in overruling the demurrer thereto.  Appellant also assigns that the court erred in sustaining appellee's demurrer to her second paragraph of answer to the complaint.  The theory of the second

3. paragraph of answer, from the allegations contained therein, is difficult to define.  It is, however, the judgment of the court that all the material allegations contained therein might have been heard under the other paragraphs of answer filed, and no error was committed by the court in sustaining the demurrer thereto.  *Cloverdale* v. *Edwards* (1900), 155 Ind. 374, 58 N. E. 495; *Metzger* v.

*Hubbard* (1899), 153 Ind. 189, 54 N. E. 761; *Hardison* v. *Mann* (1898), 20 Ind. App. 404, 50 N. E. 899; *Larned* v. *Maloney* (1898), 19 Ind. App. 199, 49 N. E. 278.

Appellant's learned counsel states that the vital question involved in the issues here is raised by the fourth assignment of error, which is the overruling of the motion for a new trial, in support of which eight reasons are assigned. The first and second are that the judgment of the court is contrary to law, and not sustained by sufficient evidence. The fourth, seventh and eighth reasons question the ruling of the court in admitting in evidence over appellant's objection the contract sued on between appellant and William A. Newman. The fifth and sixth causes are especially referred to by counsel in argument. The fifth is that the damages assessed by the court are excessive, and the sixth that the amount of recovery is erroneous, being too large. The argument upon the fifth and sixth assignments is based wholly upon the fact that the court allowed interest upon the debt from date of the contract. · It is earnestly urged by appellant's counsel that no interest could be allowed except where there is a special agreement to pay, or where there has been a demand for payment and a refusal, citing authorities sustaining these propositions. The rule has been thoroughly settled in this State by the Supreme Court that where there has been a vexatious delay in the payment of an amount due, interest may be charged from the date when due. *Rogers* v. *West* (1857), 9 Ind. 400; *Killian* v. *Eigenmann* (1877), 57 Ind. 480; *Hazzard* v. *Duke* (1878), 64 Ind. 220. From an examination of the evidence we are of the opinion that the court was warranted in finding there had been a vexatious delay in the payment of the amount of this claim, and therefore this court will not disturb the judgment of the lower court upon this question.

There was some evidence heard by the court upon every material point involved in this case. Under the familiar

rule, this court will not disturb the judgment of the
5. lower court upon the weight of the evidence. No
error was committed in the introduction of the con-
tract in evidence.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 147. See, also, under (1) 9 Cyc.
714, 728; (2) 9 Cyc. 722, 728; (3) 31 Cyc. 358; (4) 22 Cyc. 1498;
(5) 3 Cyc. 348. As to full performance by plaintiff as condition
precedent to right of action, see 59 Am. St. 282.