HARDISON v. MANN ET AL.

[No. 2,566. Filed June 15, 1898.]

PLEADING.—*Natural Gas Lease.—Action on Lease.—Assignment of Lease.*—In an action on a natural gas lease against the assignee thereof for the recovery of the rentals under the terms of the lease the complaint is not bad for failing to set out a copy of the assignment. *pp. 406, 407.*

PRACTICE.—*Harmless Error.*—Error cannot be predicated upon the action of the court in sustaining a demurrer to a paragraph of complaint where the same facts were provable under another paragraph. *p. 407.*

NEW TRIAL.—*Ruling of Court on Pleadings.*—The rulings of the

court on the pleadings are not causes for a new trial, and have no proper place in a motion therefor.  *p. 408.*

From the Adams Circuit Court.   *Affirmed.*

*R. S. Peterson,* for appellant.

*D. T. Taylor* and *R. K. Irwin,* for appellees.

WILEY, J.—Appellees leased to one Miles a tract of land in Jay county, for gas and oil privileges, which lease was in writing, and was assigned to appellant. This action was to recover the rentals under the terms of the lease.   The complaint is in one paragraph, and its material averments are:   That appellees leased the land to said Miles; that he assigned the same to the appellant February 22, 1896; that by the terms of the lease, the lessee bound himself to complete a well on the premises within sixty days from the date of the lease, which was February 13, 1896; that in default thereof the lessee agreed to pay appellees a daily rental of $2.00 per day on said premises, from the date of the lease; that by the terms of said lease, the lessee was to commence a well within sixteen days; that said Miles, while he was the owner of the lease did not commence a well on said premises; that the appellant, after said lease was assigned and transferred to him, did drill a well on said leased premises, but did not complete it until may 20, 1896, and thereby failed to comply with the terms of said lease, in that he did not complete said well within sixty days, etc.

A copy of the lease is filed with the complaint as an exhibit.   There are other conditions in the lease as to rentals or rather royalties, but as this action was to recover the penalty of $2.00 per day, for failure to complete a well within sixty days, we need not refer to them.   .     .

The appellant demurred to the complaint on the ground that it did not state sufficient facts to consti-

tute a cause of action, which demurrer the court overruled, and he excepted. He then filed an answer in four paragraphs, the first of which was a general denial, and the others setting up affirmative matter in defense. The appellees demurred to each affirmative paragraph of answer, which demurrer was overruled as to the second and third, and sustained as to the fourth.

As no question is presented by the record as to the second and third paragraphs of answer, we will only notice the fourth. This paragraph of answer admits the execution and assignment of the lease, and avers that by its terms, the said Miles and his assigns, were to have sixteen days from the date of the lease in which to commence a well on the leased premises, "else said lease or contract was to be and is null and void; that said Miles or his assigns, never at any time after the date of said lease or contract took, held or had the possession of the premises, etc," and that said Miles or his assigns did not commence a well within sixteen days, nor at any other time under and by virtue of said lease.

The appellees replied to the second and third paragraphs of answer by general denial. There was a trial by the court resulting in a judgment for appellees. Appellant's motion for a new trial was overruled, and, on appeal, he has assigned errors as follows: The court erred in overruling the demurrer to the complaint. The court erred in sustaining the demurrer to the fourth paragraph of answer. The court erred in overruling the motion for a new trial.

The only objection urged against the complaint is that it avers that Miles assigned the lease in writing to appellant, and there is no copy of the assignment filed as an exhibit. This objection is not tenable. A proper averment of the assignment is made, and there

could be no recovery against appellant, without proof
of the assignment; but the foundation of the action
was not the assignment of the lease, but the lease
itself, and it is made a part of the complaint by copy
as an exhibit. This was sufficient. The cases cited
by appellant to suport his contention are the follow-
ing: *Peoria Marine and Fire Ins. Co.* v. *Walser*, 22 Ind.
73; *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276; *Williams*
v. *Osbon*, 75 Ind. 280. The last two cases were actions
against an indorser of a promissory note, upon his in-
dorsement, and it was held that the complaint must
contain not only a copy of the indorsement, but an alle-
gation referring to it. The first case cited was an ac-
tion upon a marine insurance policy. It was there
urged that the policy, a copy of which was filed with
the complaint, was not sufficiently identified by the
reference to it in the complaint, but is was held that
the complaint was not defective in that respect. The
authorities, therefore, upon which appellant relies,
are not in point and do not lend any aid to his conten-
tion.

The complaint was not subject to the infirmity
urged, and the demurrer was properly overruled. As
to whether the court erred in sustaining the demurrer
to the fourth paragraph of answer, we need not de-
cide, for if it was error, appellant was not harmed.
The same facts, together with other facts, that were
averred in the fourth paragraph, were provable un-
der the allegations of both the second and third para-
graphs.

It is a familiar rule, settled by an unbroken line of
authorities, that where a demurrer is sustained to a
pleading, and the same facts are provable under an-
other paragraph, such ruling, though erroneous, will
be regarded as harmless error. *Harlan* v. *Jones*, 16
Ind. App. 398; *Kniss* v. *Holbrook*, 16 Ind. App. 229;

*Pottlitzer* v. *Wesson*, 8 Ind. App. 472; *Watson* v. *Tindall*, 150 Ind. 488; *Barnard* v. *Sherley*, 135 Ind. 547, 24 L. R. A. 568, 41 Am. St. 454; *Long* v. *Williams*, 74 Ind. 115; *Lester* v. *Brier*, 88 Ind. 296.

Appellant's motion for a new trial was based upon the statutory grounds that the finding and judgment were not supported by sufficient evidence, and were contrary to law.   The fifth and sixth reasons assigned for a new trial were that the court erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the fourth paragraph of answer.   These are not recognized causes for a new trial, and have no place in a motion therefor.   Appellant contends that the evidence is insufficient to support the judgment. We have examined the record and find that there is abundant evidence upon which the judgment can rest.

There is evidence showing the execution and assignment of the lease, and that neither the original lessee, or his assignor, complied with the terms of the lease, providing for the completion of a well on the leased premises within sixty days, etc.   As the lease provided for a penalty of $2.00 per day, as rental after the sixty days until the completion of a well, the proof of these facts showed such a breach of the terms of the lease as entitled appellees to recover.   There is no available error in the record.   Judgment affirmed.