## BRACKIN ET AL. *v.* FRANKLIN SECURITY COMPANY.

[No. 15,563. Filed May 5, 1937.]

*Eichhorn, Gordon & Edris,* for appellants.

*Simmons & Simmons* and *Pursley & Peterson,* for appellee.

KIME, J.—Appellants brought this action by a complaint in three paragraphs for conversion by appellee of eight head of hogs alleged to have been the property of the appellants. These three paragraphs of complaint were answered by general denials. The cause was tried by the court who rendered judgment in favor of the appellee that the appellants take nothing by their action and that the appellee recover its costs. The appellants then filed a motion for a new trial assigning as grounds therefor that the decision was not sustained by sufficient evidence and that it was contrary to law. The overruling of this motion for new trial is assigned as error here.

It appears that one G. R. Brackin, trustee, entered into a contract with one Sam Kummer whereby the trustee was to furnish to Kummer four gilts under four separate contracts, which contracts provided that Kum-

mer was to pay all the expense and taxes on said gilts, have them bred and pay the breeding fee and on or before the next November following deliver to the trustee two choice pigs from each litter, the pigs to be selected by the trustee. These contracts were entered into on the 11th day of December, 1928. The contract also provided further that in the event no pigs were raised from the first litter that the trustee should receive two choice pigs from the second litter of each gilt about eight months after farrowing and in case no pigs were obtained from either the first or second litter that there was to be delivered to the trustee from the third litter of each gilt three pigs weighing 200 pounds each.

These contracts were later assigned to the appellants. Kummer was a tenant farmer and the appellee held a chattel mortgage on some of his property but not on any of these hogs in question. It appears that Kummer was making preparation to move from the farm on which he lived and that the appellee was insisting vigorously that a payment be made on the debt secured by the chattel mortgage prior to the removal from that farm. That a representative of the appellee called upon Kummer daily for several days prior to the time the hogs in question were removed in an effort to secure a payment on the debt owed to the appellee. That on the day prior to the date the hogs were sold the representative of the appellee was at the farm occupied by Kummer and was told by Kummer to have a trucker stop by his farm and take the hogs to market and that upon the following day this trucker did come to the Kummer farm; that Kummer assisted him in loading the hogs alleged to have been converted; that Kummer directed the agent of the appellee to instruct the trucker to leave the proceeds from the sale of the hogs at the office of the appellee, which the trucker did, having the checks for the sale of the hogs made payable to himself, the trucker.

The appellants insist that the uncontradicted evidence shows that these hogs belonged to the appellants but the evidence on this point is in conflict and there is evidence from which the court was warranted in believing that the hogs in question were not the property of the appellants. The evidence is so conflicting that it would have been altogether reasonable for the court to have found as a basis for its decision that the hogs in question did not belong to the appellants, as the gilts were delivered December 11, 1928, and these hogs were not sold until April 11, 1930.

The evidence was also in conflict as to what part, if any, the manager of appellee played in securing the trucker and in loading the hogs.

Here it was necessary to prove not only ownership but wrongful conversion by the appellee. On both of these points the evidence is conflicting and we can not weigh the evidence and substitute our judgment for the judgment of the trial court.

No reversible error having been shown, the judgment of the trial court is in all things affirmed.