FOUDY, ADMINISTRATOR *v.* DAUGHERTY

[No. 17,593.   Filed December 19, 1947.   Rehearing denied January 20, 1948.]

*C. W. H. Bangs and U. S. Lesh,* both of Huntington, attorneys for appellant.

*Sumner Kenner and Herbert B. Spencer,* both of Huntington, attorneys for appellee.

BOWEN, P. J.—This is an appeal from a judgment for defendant in an action for wrongful conversion of a promissory note. The suit was brought by appellant, as administrator of the estate of one Thomas B. Daugherty. The complaint was in two paragraphs, and in the first paragraph it was alleged that said note was executed by appellee payable to the decedent for the principal sum of $1400 due and payable ten years after its date of February 17, 1937; and, that appellee in whose home the decedent died took possession of said note and wrongfully retained the same; and, that appellee had converted or destroyed such note which was part of the assets of decedent's estate. The prayer of this first paragraph of complaint set forth, "that said estate has been damaged by the wrongful acts of the defendant in the amount of $2500 for which sum the plaintiff prays judgment and for all other relief found proper in the premises."

The second paragraph of the complaint to which a demurrer was sustained set out the note specifically and in addition to allegations of the wrongfully obtaining of the possession of said note by appellee and withholding the same although possession was demanded by appellant, alleged that by destroying the evidence of such indebtedness and withholding said note from appellant's possession, the defendant had precipitated his liability for payment of such indebtedness in advance of the time it otherwise would become due. The prayer of this second paragraph was for judgment for

$2500 and for such other and further relief as may be found proper.

The suit was filed June 18, 1945, before the note became due.

Appellee's first paragraph of answer denied the allegations of plaintiff's complaint. The second paragraph of answer presented a plea of payment. The third paragraph alleged payment and gift of the note in question. The appellant filed a motion to strike out the third, fourth, fifth, and part of rhetorical paragraph six of appellee's third paragraph of answer which was overruled. The appellant filed a demurrer to the third paragraph of appellee's answer on the ground that such paragraph did not state facts sufficient to constitute a defense to the cause of action pleaded. This demurrer was overruled.

The issues were joined on the first paragraph of the complaint and appellee's answer in three paragraphs and appellant's reply thereto.

The cause was submitted to a jury for trial. At the conclusion of appellant's evidence, the appellee moved for a directed verdict. The appellant, before a ruling on such motion, joined in said motion and asked the court to instruct the jury to return a verdict for the plaintiff. The court overruled appellant's motion and sustained appellee's motion and entered judgment for appellee.

Appellant's first assignment of error is that the trial court erred in sustaining appellee's demurrer to the second paragraph of the complaint. This paragraph set forth that appellee by destroying the evidence of such indebtedness and withholding the note from appellant's possession precipitated his liability for the payment of the note in advance of

the time it otherwise would become due. The note showed on its face that it was not due, and the appellant has cited no authority for such theory of "precipitated" liability. Acts of withholding and destroying the evidence of indebtedness on the part of the obligor of a promissory note cannot by judicial construction be held to change the terms thereof or precipitate the due date of such instrument.

However, the appellant claims that the fact that the note was not due would not preclude a judgment for possession of it in view of the prayer for judgment for such other relief as may be found proper in the premises. The construction which appellant asks that we place upon such second paragraph and hold it good as a complaint for possession of the note, makes the first and second paragraphs of the complaint in legal effect the same. A demurrer was overruled to the first paragraph and the same facts could have been proved and the same relief was available to appellant under the first paragraph as appellant seeks to secure under his interpretation of the second paragraph. The error, if any, in sustaining appellee's demurrer to the second paragraph of the complaint was therefore harmless. Where a demurrer is sustained to a pleading, but the same facts can be proved under another paragraph not demurred to, or to which a demurrer is overruled, no injury can result to the party, and the ruling will be harmless. *The Evansville and Crawfordsville Railroad* v. *Baum* (1866), 26 Ind. 70; *Hardison* v. *Mann* (1898), 20 Ind. App. 404, 50 N. E. 899; *Claypool* v. *Jaqua, Admx.* (1893), 135 Ind. 499, 25 N. E. 285; *Hauger* v. *Benua* (1899), 153 Ind. 642, 53 N. E. 942; *Watson's Works Practice,* § 536, p. 394, and cases therein cited.

The second assignment of error is that the court erred in overruling appellant's motion to strike out parts of appellee's third paragraph of answer. It is well settled that the action of the court in overruling a motion to strike out a part or all of a pleading does not constitute reversible error even though such action be erroneous. The decisions hold that the effect of such ruling is, at most, to leave surplusage in the record, which will not vitiate the pleading, if it is otherwise good. *McLean, Admr.* v. *Equitable Life Assurance Society of the U. S.* (1884), 100 Ind. 127; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456.

The appellant also claims error in the action of the court in withdrawing the submission of said cause from the jury and finding for appellee. In this case after the appellee had moved for an instructed verdict, the plaintiff joined in such motion and requested the court to return a verdict for the plaintiff.

Where a cause is submitted to a jury for trial, and each party, at the conclusion of plaintiff's evidence, requests the jury to return a verdict in his favor, such action constitutes a joint request for the withdrawal of the cause from the jury, and for the submission of the same to the court for its decision. Neither side can thereafter assert error in the action of the court in withdrawing such cause from the jury, although the losing party may assign error in the court's judgment and finding for the other party. *Indianapolis Traction, etc., Co.* v. *Vaughn* (1917), 65 Ind. App. 581, 117 N. E. 673; *Goings* v. *Davis, Director* (1924), 82 Ind. App. 231, 141 N. E. 473; *Wilson, Admx.* v. *Rollings* (1937), 214 Ind. 155, 14 N. E. 2d 905.

The questions raised by the additional assignments of error by reason of the nature thereof can be considered together, whether the court erred in sustaining appellee's motion to instruct the jury to return a verdict for defendant (appellee) and in overruling appellant's motion to instruct the jury to return a verdict for plaintiff (appellant), and whether the court erred in overruling appellant's motion for a new trial based upon the above specifications as well as the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law.

We must determine whether the finding and judgment of the court for appellee after the withdrawal of the submission of the cause from the jury and the discharge of the jury upon the joint request of both parties, is sustained by sufficient evidence or is contrary to law.

The evidence introduced in the trial of this cause consisted of the testimony of one witness, Michael Foudy, the administrator, and certain exhibits identified by him. The substance of his testimony was that he was administrator of decedent's estate; that after his appointment as administrator, he asked appellee, who was the son of decedent, and who lived with decedent at the time of his death to turn over to him all papers belonging to the estate. A copy of a registered letter from him to appellee demanding the note in question and all papers and effects belonging to decedent, together with the registration receipt and return receipt were introduced into evidence as exhibits. The administrator further testified that he had not received the note from appellee. Considering the evidence, at most, it shows merely proof of a demand for the note in question. There was no

evidence offered showing that the note in question was part of the assets of decedent's estate, nor was there any evidence showing title or right of possession to the note in appellant, nor was there any evidence from which such facts might be inferred. The appellant urges, however, that since appellee did not file a plea of *non est factum,* and that by paragraphs two and three of the answer set up two affirmative defenses of payment and gift, such answer obviated the necessity of any further proof by appellant. The appellant contends that the burden of proof then rested upon appellee to prove such affirmative defenses which he failed to do. Appellee's first paragraph of answer denied all of the allegations of the first paragraph of the complaint except the authority of appellant as administrator. It denied that the note constituted a part of decedent's estate, and also denied that he had converted such note, or that he had wrongfully withheld or retained the note. Under such circumstances, it was necessary for the appellant to prove such facts. The record is wholly devoid of evidence of such facts, nor are any facts shown by the evidence or the admissions in the pleadings from which such facts could be inferred.

In actions for conversion, it is necessary for the plaintiff to show that before or at the time of the conversion, he had title, either general or special, to the property in controversy, coupled with the right of immediate possession, and that the property has been wrongfully converted by the defendant to his own use. *Baker* v. *Born* (1897), 17 Ind. App. 422, 46 N. E. 930; *Fagan* v. *Babacz* (1936), 102 Ind. App. 558, 1 N. E. 2d 299; *Brackin* v. *Franklin Security*

*Co.* (1937), 103 Ind. App. 418, 8 N. E. 2d 97; *Ax* v. *Schloot* (1946), 116 Ind. App. 366, 64 N. E. 2d 668.

In actions for conversion, the plaintiff must recover on the strength of his own title and not upon the weakness of his adversary. *Easter* v. *Fleming* (1881), 78 Ind. 116.

From an examination of all of the evidence and a consideration of the pleadings, we fail to find that appellant made proof of ownership of the note or any right of immediate possession and wrongful conversion. The trial court's finding and judgment was the only proper judgment which could have been rendered. The appellant has also assigned as error the overruling of appellant's demurrer to appellee's third paragraph of answer. Appellant did not fail to recover because of any defenses set up in this paragraph of answer, but because of his failure to prove the allegations of his complaint. There was no evidence introduced by appellee in support of such third paragraph. The error, if any, in overruling such demurrer was therefore harmless. *Hass* v. *City of Evansville* (1898), 20 Ind. App. 482, 50 N. E. 46; *Daugherty* v. *Daugherty* (1945), 115 Ind. App. 253, 57 N. E. 2d 599.

The judgment is affirmed.

NOTE.—Reported 76 N. E. 2d 268.