AX ET AL. V. SCHLOOT ET AL.

[No. 17,751.   Filed October 4, 1948.]

*John R. Ax,* of Huntingburg, *Robert G. Miller,* of Bloomington, *Paul Haywood,* of Bloomfield, attorneys for appellants.

*Kern G. Beasley, A. M. Beasley,* and *Edwin B. Long,* all of Linton, and *Allen G. Pate,* of Bloomfield, attorneys for appellees.

DRAPER, P. J.—The appellants, alleging themselves to have been the joint owners in possession of one-half of certain growing corn and soya-bean crops (the landlord's share), and further alleging said crops to have been wrongfully seized, harvested and sold and the proceeds kept by the appellees, brought this action in conversion.

At the first trial the court directed a verdict for the appellees at the close of appellants' case. We reversed and remanded for a new trial. *Ax et al.* v. *Schloot et al.* (1946), 116 Ind. App. 366, 64 N. E. 2d 668.

A re-trial resulted in a five dollar verdict against the appellee, Schloot, and the exoneration of appellee, Powers. This appeal followed.

The facts developed at the second trial were substantially as stated in the opinion of this court above referred to, with one important exception. The farm and the landlord's half of the growing crops were not owned by the appellee, Schloot, from whom the appellants claim to have derived title to all of the landlord's share of the crops. The farm was owned by the appellee, Schloot, and his son Donald, and an undivided half interest in the landlord's share of the crops was owned by each of them. Donald was not a party to this action.

He never conveyed his interest in the crops to the appellants and never authorized his father to do so.

In our opinion above referred to we said: "In an action for conversion it is encumbent upon the plaintiff to prove that, before and at the time of the conversion, he had complete title, either general or special, to the property in controversy, coupled with the right of immediate possession, and that the property has been unlawfully converted by the defendant to his own use." The word "title" was of course used in the sense of a "right to the property"; for either an absolute or a special property will support the action when accompanied by a right to the possession at the time of the conversion. *M'Connell* v. *Maxwell & Another* (1834), 3 Blkf. 419. See also 53 Am. Jur., Trover & Conversion, §§ 66, 67.

The appellants have proceeded from the beginning on the theory that they acquired the joint general ownership of all the landlord's share of the growing crops from the appellee, Schloot. We said in the opinion above referred to that a failure by them to prove acquisition of title would be fatal to their case.

The appellee, Schloot, acting alone could not convey all the landlord's share of the crops. Thus, the appellants failed to prove the title, or right to the property, upon which they based their case. 14 Am. Jur. 131, § 63; 48 C. J. S. 936, § 17.

The verdict exonerating appellee, Powers, was right. The verdict against appellee, Schloot, was wrong, but since no cross-errors were assigned, it must stand.

The judgment as rendered upon the verdict is defective both in form and substance. The cause is,

therefore, remanded with instructions to render a proper judgment on the verdict, and that judgment, when so rendered, is affirmed.

NOTE.—Reported in 81 N. E. 2d 379.