JONES ET AL. *v.* KILBORN, ET AL.

[No. 18,538.   Filed November 24, 1954.]

*Grant Rogers,* of Franklin, and *Hugh D. Wickens* and *Hubert E. Wickens,* both of Greensburg, for appellants.

*Elba L. Branigan* and *Branigan & Branigan,* of Franklin, and *Jerdie D. Lewis,* of Terre Haute, for appellees.

ACHOR, J.—This is an action by appellants to recover damages from appellees for the conversion of an automobile owned by appellants and delivered to appellee Webster by Kilborn, agent for appellant. To appellants' complaint, appellee Webster filed an answer in denial and a cross-complaint asking that appellants be ordered to deliver to appellee a "good and sufficient title" to the car. Kilborn did not appear and is not affected by

this appeal. Hereafter Webster is referred to as the appellee.

At the conclusion of the trial, the court made a special finding of facts, stated conclusions of law thereon and rendered judgment that appellants take nothing by their complaint and that title to the car be vested in appellee.

Numerous errors were especially assigned relating to the proceedings prior to the trial of the cause. However, we are of the opinion that error, if any, with respect thereto, is waived because of appellants' failure to adequately present such issues in their brief. Appellants have also assigned as error the overruling of their motion for new trial. One of the grounds asserted therein was that the judgment was contrary to law. We therefore proceed to consider whether there was evidence of probative value which could support the judgment as rendered.

Appellants were dealers in new and used cars at Greensburg, Indiana. Appellee was a similar dealer in Terre Haute. This particular action was for the conversion of a Buick automobile which appellant had placed in the possession of Raymond Kilborn, for the purpose of demonstrating it and contracting for its sale. Negotiation for such a sale was made by Kilborn to the appellee and the car was delivered to him by Kilborn. In payment therefor appellee traded in another car which was delivered to Kilborn with a certificate of title therefor endorsed in blank and appellee gave Kilborn a check for the balance of the purchase price. Kilborn absconded with both the trade-in car and the cash balance.

The first question presented is whether, under the evidence, conversion was a proper remedy. In order

to maintain such an action, it was incumbent upon appellants to establish that they retained ownership to the Buick automobile in question and appellees' possession thereof was without right.

The rule, with respect to this issue, is as follows:

"As a general rule, whether or not title to goods or personalty has passed to the buyer, and, if so, when, *depend primarily on the intention of the parties.*

". . . In determining whether title has passed to goods, possession is not the true criterion, . . ." 77 C. J. S., §246a, pp. 1028-1029.

". . . If the parties intend that payment shall be made before title passes, such intention controls, and there is no transfer of title until payment is made, even though possession of the property is delivered to the buyer . . . So, if by the terms of the contract payment is made a condition precedent to the passing of title, or if it otherwise appears that such was the intention of the parties, the title will not pass until payment is made, unless the condition as to payment is waived." 77 C. J. S., §262a, p. 1059.

In the case before us, the intention of the parties was established by the conduct of the parties during a series of prior similar sales. In such prior sales by specific arrangement of the parties sale was consummated by the principals themselves, with payment in full being made by appellee to appellants at the time and place that certificate of title was delivered by appellants to appellee.

We recognize the rule announced in the cases of *Central Finance Co.* v. *Garber* (1951), 121 Ind. App. 27, 97 N. E. 2d 503, and *Clarke Auto Company* v. *Fyffe* (1954), 124 Ind. App. 222, 116 N. E. 2d 532, that certificates of registration or "title" issued by the Bureau of Motor Vehicles are not such

proof in themselves of ownership or legal title to the automobile involved, as is true of deeds or grants to real estate. However, certificates of title or registration of automobiles are *indicia* of their ownership and control and, standing alone, raises an inference of legal title in the holder thereof, subject, of course, to contradiction of such fact under the ordinary rules of evidence.

In our opinion the undisputed facts regarding the conduct of the parties leads to the single conclusion that neither the appellants nor appellee intended that the ownership and control of automobiles "sold" should pass from appellants to appellee until payment therefor had been made in full. We therefore conclude that the transfer of ownership or title to the Buick automobile in question was made conditional upon the payment therefor, even though appellee was placed in possession thereof.

The sole remaining question is whether payment to Kilborn, agent for appellants, constituted such payment. The rule is now generally established that a principal who entrusts an agent with the possession of goods to be sold is considered to have clothed the agent with apparent authority to receive payment therefor. Consequently, if the principal has entrusted the agent with the possession of the goods to be sold, the purchaser is warranted in paying the price to the agent. 2 Am. Jur., §127, p. 103.

However, it is also equally well established that the principal may effectively limit the authority of a sales agent to collect payment for commodities sold by bringing home to the purchaser notice that the agent has no authority to collect or receive payment. 2 Am. Jur., §129, p. 104.

In this case, on the occasion of the first transaction, appellee telephoned appellants and asked how they wanted the transaction handled. Appellee was told to make his check directly to Foster and Jones and to leave it at an agency in Indianapolis. Except for the instant case, in all subsequent transactions checks were likewise made to Foster and Jones and they were picked up personally by one of the appellants who drove from Greensburg to Terre Haute for the purpose of obtaining such payments and delivering title to the car being sold. At no time was Kilborn even entrusted with the possession of checks made to appellants Foster and Jones.

In our opinion all the evidence as to the relationship of the parties, with respect to both the instant transaction and all prior transactions, leads to the single conclusion that Kilborn, as agent for appellants, was not authorized to receive payment and that appellee had unmistakable notice of that fact. On the contrary, the established pattern of dealing between the parties leads to the single conclusion that the parties understood that payment was to be made solely and directly to appellants and not to Kilborn, either individually or as agent for appellants.

A purchaser who, with notice, makes payment to an agent who is without authority to receive such payment, makes that individual his own agent for the purpose of transmitting payment to the seller, and the seller is not bound thereby until payment is received by him. No such payment has been received by appellants. Therefore, we conclude that, under the evidence before the court, appellants were the owners of the Buick automobile in question and that the detention thereof by appellee was without right and consequently the finding and judgment of the court is contrary to law.

Judgment reversed with instructions to sustain appellants' motion for new trial.

NOTE.—Reported in 122 N. E. 2d 739.