Kenneth D. NOBLE, Plaintiff-Appellant,

v.

R. MOISTNER, Indianapolis Police Officer, D. Campbell, Indianapolis Police Officer, Churchill, Indianapolis Police Officer, H. Schilling, Indianapolis Police Officer, and the Estate of Don Greene, Defendants-Appellees.

No. 2-878A262.

Court of Appeals of Indiana, Fourth District.

April 30, 1979.

Richard A. Young, Young & Young, Indianapolis, for plaintiff-appellant.

William A. Hasbrook, Sheila Suess, Corp. Counsel, Ruckelshaus, Bobbitt & O'Connor, Indianapolis, for defendants-appellees.

YOUNG, Judge.

The appellant, Kenneth Noble, brought suit against the appellees in conversion, to recover the value of property which had been seized from his garage pursuant to a valid search warrant, and never returned. Noble was not prosecuted, nor is there any court order directing the disposal of the property in question. This appeal is brought from a judgment of dismissal with prejudice entered as a discovery sanction pursuant to Ind. Rules of Procedure, Trial Rule 37(B)(4).

The trial court's order dismissing the cause states that this sanction was imposed for Noble's failure to answer an interrogatory, in violation of the court's order compelling a response. The interrogatory in question states, "For each item that you claim to own, state the exact date, place, purchase price, person or business and circumstances under which you obtained ownership." The trial court's order emphasizes that the "real issue" is who bears the burden of proving ownership of the property taken from Noble's garage. Thus, the order states that "Inherent in the Court's finding is the Court's further finding that the Plaintiff Kenneth Noble carries the burden of proof with regard to ownership and right to possession of said property."

Trial Rule 37(B)(4) provides:

The court may enter total or partial judgment by default or dismissal with prejudice against a party who is responsible under subdivision (B)(2) of this rule if the court determines that the party's conduct has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate.

Subdivision (B)(2) includes unexcused conduct that is:

(c) in bad faith and abusively resisting or obstructing a deposition, interrogatories, production of evidence, inspection, examination, request, question, enforcement order, subpoena, protective order or any other remedy under the discovery provisions of these rules.

The court must make two findings before dismissal may be granted. First, the court must find responsibility under subdivision (B)(2). The court need not make a specific finding of bad faith and abuse where, as here, a court order is violated. *Farinelli v. Campagna,* (1975) Ind.App., 338 N.E.2d 299, 303. Second, the court must find that the conduct in question " 'has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate.' " *Clark County State Bank v. Bennett,* (1975) Ind.App., 336 N.E.2d 663, 669.

The trial court in the case at bar made only a general finding of prejudice. However, it is apparent from the order as a whole that the court found that because of Noble's failure to disclose what he must in any event prove to prosecute his claim, the defendants-appellees were prejudiced in their inability to prepare a proper defense. Thus, a finding of prejudice turns upon the burden of proof of ownership.

■ The finding of the trial court respecting the burden of proof is correct yet incomplete. Because, as the trial court indicated, this issue is crucial to a finding of prejudice, and because a finding of prejudice is a prerequisite to imposing the sanction in question, we feel it necessary to supply the lack and remand this cause to the trial court for further consideration of the motion to impose sanctions.

The tort of conversion was described by the Indiana Supreme Court, in *Seip v. Gray,* (1949) 227 Ind. 52, 83 N.E.2d 790, 792, as follows: "Our courts have held that 'The essence of every conversion is the wrongful invasion of a right to, and absolute dominion over, property owned or controlled by the person deprived thereof, or of its use and benefit,' " quoting *First National Bank v. Ransford,* (1913) 55 Ind.App. 663, 666, 104 N.E. 604, 605. More recently, the Court of Appeals in *Foley v. Colby,* (1971) 148 Ind. App. 391, 266 N.E.2d 619, 620–21, stated:

"The definition of conversion in Indiana has remained virtually unchanged for many years. This court in *Hunter v. Cronkhite,* 9 Ind.App. 470 at 471, 36 N.E. 924 at 925 (1894), quoted with approval 4 Am. and Eng.Encyc. of Law, 108, as follows:

' "Conversion consists, as a tort, either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." ' "

■ The essential elements to be proved by the plaintiff are "an immediate, unqualified right to possession resting on a superior claim of title." *Yoder Feed Service v. Allied Pullets, Inc.,* (1977) Ind.App., 359 N.E.2d 602, 604.

This element is stated in *Foudy v. Daugherty,* (1947) 118 Ind.App. 68, 76 N.E.2d 268, 271:

In actions for conversion, it is necessary for the plaintiff to show that before or at the time of the conversion, he had title, either general or special, to the property in controversy, coupled with the right of immediate possession, and that the property had been wrongfully converted by the defendant to his own use.

In actions for conversion, the plaintiff must recover on the strength of his own title and not upon the weakness of his adversary. (Citations omitted).

The meaning of the word "title" in this context is explained in *Ax v. Schloot,* (1948) 118 Ind.App. 458, 81 N.E.2d 379: "The word 'title' was of course used in the sense of a 'right to the property'; for either an absolute or a special property will support the action when accompanied by a right to the possession at the time of the conversion."

The original function of an action in trover, at common law, was to try title. However, as it came to be used against a party who takes directly from the possession of the plaintiff, its similarity to a claim for trespass to chattels led courts to apply the possession rule in that particular kind of trover action. The possession rule, derived from *Armory v. Delamirie,* (1722) 1 Strange 505, an action by a chimney sweep against a jeweler for the value of a jewel which the sweep had found and given to the jeweler for appraisal, is that possession is title against all the world but the true owner. Thus the rule arose that where a defendant took goods from the possession of the plaintiff, he cannot question the plaintiff's title or show title in a third party except to justify his seizure by authority of that title. *See e. g. McKee v. Gratz,* (1922) 260 U.S. 127, 43 S.Ct. 16, 67 L.Ed. 167; *Coffin v. Anderson,* (1837) 4 Blackf. 395. See generally Annot. 150 A.L.R. 174.

According to T. Cooley, Law of Torts § 329 (4th ed. 1932), "If then the Plaintiff shows that property in his possession has been taken and converted, he shows *prima facie* his right to maintain the suit; and it is only when he is compelled to show his title, in order to make out his right to immediate possession, that it can be important for him to go further."

In *Swope v. Paul,* (1892) 4 Ind.App. 463, 31 N.E. 42, the defendant was permitted to show title in a third party as a defense. In that case a judgment against the son of the plaintiff was executed by the sheriff against property mortgaged to the plaintiff. The defendants were permitted to show that the mortgage was intended to defraud the son's creditors.

■ Nevertheless, the continued life of the possession rule was evidenced in *Carson*

*v. Hanawalt,* (1912) 50 Ind.App. 409, 98 N.E. 448. In that case tile from an old drainage ditch was taken to construct a new one. Judgment for the defendants, on the ground that the plaintiff had not proved title, was reversed. The court stated:

[W]hether that interest extended to complete ownership, or as a tenant in common with the other landowners, whose land had been assessed to pay for the same, is not important, for the reason that the tile, in or out of the ditch, were on her land and in her possession . . . The fact that the tile belonged to appellant and others could not be used by a stranger as a defense, in an action against him for conversion.

The effect of the possession rule was to put the burden on the defendant to show he had a right to take the property, since he invaded the plaintiff's possession. However in states, like Indiana, where a defendant may raise the title of another as a defense, peaceable possession is merely *prima facie* evidence of ownership which may be rebutted. The burden of proof is not shifted to the defendant. *See, e. g., Citizens Loan Inv. Co. v. Young,* (1923 Tex.Civ.App.) 247 S.W. 662. *See generally* Annot. 150 A.L.R. 174.

That this is so in Indiana is evident in examining Indiana decisions on this point. This element is emphasized only in those cases where the defendant proved title in himself, *Jones v. Kilborn,* (1954) 125 Ind. App. 88, 122 N.E.2d 739; *Ax v. Schloot,* (1948) 118 Ind.App. 458, 81 N.E.2d 379; *Brackin v. Franklin Sec. Co.,* (1937) 103 Ind.App. 418, 8 N.E.2d 97, or where the plaintiff failed even to show possession, *Foudy v. Daugherty,* (1947) 118 Ind.App. 68, 76 N.E.2d 268. Where the defendant does not claim to have superior title or fails to show such title, possession is apparently enough, *Foley v. Colby,* (1971) 148 Ind.App. 391, 266 N.E.2d 619; *Prudential Ins. Co. v. Thatcher,* (1936) 104 Ind.App. 14, 4 N.E.2d 574.

■ Finally, we note IC 1976, 34–4–16.5–5(a) which provides that "A judgment ren-

dered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement." It has been suggested that this statute serves as a basis for affirmance, being a theory applicable to the evidence. There is nothing in the pleadings, motions, memoranda, or briefs on appeal to indicate that this defense was ever thought of. The Indiana Supreme Court in *Miller v. Griesel,* (1974) Ind., 308 N.E.2d 701, 704, stated that a legal bar "should be specifically pleaded and established by the party wishing to assert it as a defense. TR. 9(a); TR. 8(c). . . . A failure to plead and establish such a bar to a suit can be deemed a waiver." In that case, the Supreme Court found error in the Court of Appeals use of the doctrine of governmental immunity to affirm the holdings of the trial court. This statute, therefore, does not alter our opinion.

Reversed and remanded for further proceedings consistent with this opinion.

CHIPMAN, P. J., and MILLER, J., concur.