**CITY OF MICHIGAN CITY, Indiana, and Board of Aviation Commissioners of the City of Michigan City, Indiana, Appellants (Defendants Below),**

v.

**LAKE AIR CORPORATION, Appellee (Plaintiff Below).**

No. 3–1282A327.

Court of Appeals of Indiana, Third District.

Feb. 16, 1984.

Steven J. Henry, Michigan City, for appellants.

W. Jonathan Forker, LaPorte, for appellee.

HOFFMAN, Judge.

On January 1, 1962, appellant Board of Aviation Commissioners of the City of Michigan City (Board) leased property to appellee Lake Air Corporation (Lake Air) for a period of twenty years for the purpose of operating an airport. A comprehensive lease contract was executed enumerating the specific obligations and liabilities assumed by the parties. The Board, along with appellant City of Michigan City (City) took responsibility for snow removal, grass mowing, construction of taxiways, and maintenance of lights.

Sometime during 1965, the agreement broke down when the City failed to provide maintenance services. By verbal agreement Lake Air undertook maintenance operations under the following fee schedule:

|  |  |
|---|---|
| Grass Mowing | $ 75.00 per week |
| Light Maintenance | 150.00 per month |
| Snow Removal | 15.00 per hour |

Although the Board had agreed to furnish equipment, it failed to purchase a tractor for mowing the grass. Lake Air purchased a tractor which it rented to the Board for $250 per month. The Board later purchased the tractor for $5,990, but failed to pay for its cab, valued at $2,000. Furthermore, the Board refused to pay $1,750 for past rental of the tractor.

The Board also refused to construct a taxiway for one of Lake Air's corporate customers. Lake Air constructed a makeshift taxiway at a cost of $575, but the customer nevertheless vacated, causing a $5,317.35 loss in profits.

In April 1979, Lake Air filed suit for breach of contract. Following a bench trial, the following decree was entered:

## "DECREE

The parties on January 1, 1962, entered into an Airport Operator's Agreement whereby plaintiff leased certain property from the Board of Aviation Commissioners of the City of Michigan City, Indiana, for the purpose of operating the airport thereon. The contract was for the benefit of both plaintiff and defendant. As a result of said contract, both parties accurred [sic] rights and liabilities. One of the liabilities of defendants was the maintenance of the real estate and improvements thereon.

Defendants fulfilled their liabilities under said contract for a number of years. There is no dispute between the parties as to the total amount of money paid by defendants to plaintiff.

Plaintiff claims that defendants since 1971 have only partially fulfilled their liabilities and have only partially paid plaintiff for the work that plaintiff performed which was the responsibility of defendants.

Defendants claim that the contract is void and that they do not owe because they did not have the items budgeted. The Court finds that this is a contract in aid of local government, that for a number of years, funds were budgeted to pay the liabilities created by said contract, the contract is valid, and that defendants cannot now relieve themselves from liability under said contract by simply failing to appropriate funds. The Court further finds that by statute, the Commission had the power and authority to execute the lease for operation of the airport.

The Court further finds that defendants have breached said contract by failing to mow the grass, remove the snow, maintain the lights and have failed to ade-

quately maintain the runways, approaches thereto, roads and buildings.

The Court further finds that because of said breaches by defendants, plaintiff has lost customers at said airport and has suffered damage.

The Court finds the following amounts to be due from defendants to plaintiff:

| | | |
|---|---|---:|
| Grass Mowing | – Labor | $ 4,500.00 |
| Grass Mowing | – Gas | 751.81 |
| Grass Mowing | – Tractor Purchase | 5,990.00 |
| Lighting | | 4,200.00 |
| Snow Removal | – Gas | 266.19 |
| Snow Removal | – Labor | 427.50 |
| Slagg Purchase | | 575.80 |
| Loss of Profits, | | $16,711.30 |
| Tonn & Blank | | 4,000.00 |
| TOTAL | | $20,711.30 |

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff recover of and from the defendants the sum of twenty thousand seven hundred eleven dollars and thirty cents, ($20,711.30), together with the costs of this action.

[signed]

Marvin D. McLaughlin, Judge
STARKE CIRCUIT COURT"

The Board and the City now appeal this judgment.

Appellants first maintain that the contract executed with Lake Air was not accompanied by the necessary appropriation required by statute, and was therefore void *ab initio.* IND.CODE § 18–1–6–8 (Burns Code Ed.) ¹ provides in part:

"Contracts and agreements—Appropriations necessary—When void.—No executive department, officer or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations are declared to be absolutely void[.]"

The record is silent in respect to whether any appropriations were made.

Appellants claim that Lake Air carried the burden of proving that sufficient appropriations were made as a condition precedent to recovering under their contract. Therefore, any defect in the record indicates a failure of proof to support Lake Air's claim.

Lake Air maintains that appellants' reliance on this statute to avoid liability is in the nature of an affirmative defense, which they failed to plead and prove at trial.

Indiana Rules of Procedure, Trial Rule 8(C) provides:

"Affirmative defenses. A responsive pleading shall set forth affirmatively and carry the burden of proving: Accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, lack of jurisdiction over the person, improper venue, insufficiency of process or service of process, the same action pending in another state court of this state, and any other matter constituting an avoidance, matter of abatement, or affirmative defense. A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters. The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence or any statute fixing a different rule. If the pleading mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation."

Cities and their executive agencies are presumed to act in conformance with statutory directive and within the limited powers granted by the Legislature.

---

1. See now, IND.CODE § 36–4–8–12.

IND.CODE § 18–1–6–8 makes it *illegal* for cities to enter into contracts without first appropriating sufficient funds. Therefore, where no evidence is presented to show otherwise, it must be presumed that proper monies were appropriated by a city prior to executing a contract. In such situations, the party attempting to prove otherwise shall carry the burden of proof.

▉▉▉ In this case appellants had the burden of proving that they did not appropriate sufficient funds before contracting with Lake Air in 1962. Not only is the record devoid of evidence on this issue, but appellants failed to raise this question in their pleadings or motion to correct errors. Failure to raise an affirmative defense at trial will be deemed as waiver of that issue on appeal. *Miller v. Griesel et al.,* (1974) 261 Ind. 604, 308 N.E.2d 701; *Noble v. Moistner,* (1979) 180 Ind.App. 414, 388 N.E.2d 620. It is improper to raise this issue for the first time on appeal since it would deprive Lake Air of the opportunity to litigate the question, and to raise any factual and legal contentions concerning it. *Miller, supra.*

Appellants next contend that the Board was without authority to execute a twenty-year contract under IND.CODE § 19–6–1–6 (Burns Code Ed.).[2] This statute provides in part:

"Seal—Powers of board—Purchase or lease of land—Sale of buildings and machinery—Eminent domain—Construction of drainage system—Franchises.

\*   \*   \*   \*   \*   \*

That the said board of aviation commissioners shall have as a part of its powers, full and exclusive power on behalf of such municipality:

\*   \*   \*   \*   \*   \*

To manage and operate any and all airports and landing fields and other air navigation facilities now or hereafter acquired or maintained by any such municipality; and to lease all or any part of any such airport or landing field and any buildings and other structures thereon

and parts hereof and to fix, charge, and collect rentals therefor and for commercial privileges thereon, and to fix, charge and collect rentals, tolls, fees and charges to be paid for the use of the whole or any part or parts of any such airports or landing fields, and other air navigation facilities and for aircraft landing thereon, and the servicing thereof[.]

\*   \*   \*   \*   \*   \*

*Provided, That contracts or leases for the maintenance, operation or use of such airport or any portion thereof may be made for any term not exceeding ten [10] years, and may be extended for similar terms of years, except that any parcels of the land of such airport may be leased for any use, connected with the operation and convenience of such airport for an original term of not exceeding twenty [20] years, and may be extended for a period not to exceed ten [10] years:* Provided, further, That if any person or organization, whose character, experience, and financial responsibility has been determined satisfactorily by the board, shall offer to erect a permanent structure which shall both facilitate and be consistent with the operation, use, and purpose of the airport on land belonging to said airport, a lease may be entered into for a period not to exceed ninety-nine [99] years[.]" (Emphasis added.)

▉▉▉ Appellants contend that this contract was for "the maintenance, operation or use of such airport," and could only last for a term of ten years. In reviewing the provisions of this contract, it appears that Lake Air bargained for and received the right to exclusive use of the premises and did in fact erect buildings on the property in question. The use of airport land was therefore "connected with the operation and convenience of such airport," and subject to a *twenty*-year lease under IND. CODE § 19–6–1–6. Appellants may not now absolve themselves from liability in this regard.

2.  See now, IND.CODE § 8–22–2–5.

Finally appellants contend that the trial court's award of $5,990 for the tractor is not supported by the evidence and in fact is contrary to the evidence. Their motion to correct errors states in this regard:

"5. THAT the verdict and decision of the Court relating to the damages awarded for slag purchase and tractor purchase is not supported by sufficient evidence and contrary to law in that no specific appropriation was made for said purchases and further that the Michigan City Board of Aviation Commissioners did not have the authority to enter into a verbal agreement for the purchase of slag or the purchase of a tractor, and further that the municipality cannot be bound by the acts of a Commission outside of its statutory authority."

This statement is not in substantial compliance with Ind.Rules of Procedure, Trial Rule 59(D)(2), which provides that:

"Content of Motion. In all cases in which a motion to correct error is made, such motion shall separately state the error or errors which are claimed. The error claimed is not required to be stated under, or in the language of the bases for the motion allowed by this rule, by statute, or by other law. *Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based.*" (Emphasis added.)

The motion to correct errors serves primarily to afford the trial court an opportunity to rectify any errors it has committed. *Bennett v. State*, (1973) 159 Ind.App. 59, 304 N.E.2d 827. Because appellants failed to specifically apprise the trial court of error under the theory now forwarded, this issue is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Stanley v. Fisher*, (1981) Ind.App., 417 N.E.2d 932.

The judgment of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.