**INB BANKING COMPANY,**
Plaintiff–Appellee,

v.

**IRON PEDDLERS, INCORPORATED,**
Defendant–Appellant.

No. 92–1908.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 5, 1993.

Decided May 19, 1993.

Joseph A. Hammer, Hammer & Associates, New Albany, IN, for plaintiff-appellee.

W. Duvall Spruill, Michael S. Church, Turner, Padget, Graham & Laney, Columbia, SC, Douglas W. Langdon, Brown, Todd & Heyburn, New Albany, IN, for defendant-appellant.

Before BAUER, Chief Judge, MANION, Circuit Judge, and EVANS, Chief District Judge.*

MANION, Circuit Judge.

Iron Peddlers, Inc., appeals from the district court's grant of INB Banking Company's (the Bank) Motion *in Limine*. We affirm.

## I. Facts

The Bank leased two trucks to B & P Excavating, Inc. (B & P), and filed a UCC financing statement evidencing its security interest in the equipment. B & P traded the leased trucks to Iron Peddlers for two other trucks. Since the Bank held title, Iron Peddlers obviously did not acquire title to the trucks it received. Nor did Iron Peddlers file a UCC financing statement to evidence its interest in the trucks it traded. B & P then ceased operations; it was heavily indebted to the Bank at the time. To recoup its debt, the Bank reclaimed several pieces of equipment it had leased to B & P. It also sold all equipment on the property of B & P not subject to a security interest. Consequently, the Bank sold the two trucks which Iron Peddlers had traded to B & P. The Bank then filed this conversion action, seeking to recover possession of the two trucks which Iron Peddlers had received from B & P in consideration for the traded trucks.

---

* Honorable Terence T. Evans, Chief Judge of the Eastern District of Wisconsin, is sitting by designation.

In its Answer, Iron Peddlers alleged that the Bank was unjustly enriched by selling the two trucks which Iron Peddlers had traded to B & P. Iron Peddlers also alleged that the Bank implicitly waived its conversion action, or somehow agreed to a substitution of the trucks, by selling the trucks which Iron Peddlers had traded to B & P. These allegations were not couched as an independent claim. They were simply presented as defenses to the conversion action. Prior to trial, the Bank filed a Motion In Limine to preclude evidence that it was unjustly enriched, or that it waived its conversion action or agreed to the trade between Iron Peddlers and B & P. The district court granted that motion, finding irrelevant the evidence Iron Peddlers sought to introduce.

The court's decision on the Motion In Limine effectively left Iron Peddlers without a defense to the conversion action. Iron Peddlers then consented to a judgment in favor of the Bank, and indicated to the district court that it wished to preserve its right to appeal the decision on the Motion In Limine. The district court allowed Iron Peddlers to proffer the precluded evidence on the record, and then entered judgment in favor of the Bank. The Bank agreed to this procedure. The court noted that it rendered judgment "without waiving the right of the defendant to appeal the exclusion of the above evidence and argument." As anticipated, Iron Peddlers appeals the judgment.

## II. Analysis

■ As we have recently recognized, "[t]here appears to be a split among the circuits with respect to whether a stipulated judgment may be appealed." *Hudson v. Chicago Teachers Union, Local No. 1,* 922 F.2d 1306, 1312 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2852, 115 L.Ed.2d 1020 (1991). The Eleventh Circuit quotes 15 Charles A. Wright, Arthur L. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3902 at 408 (1976), to describe the state of this conflict:

Parties who have consented to entry of a judgment are at times said to lack standing to appeal, unless they can show facts that would justify nullifying the consent.... The true principle, however, appears to be properly explained in one of the early Supreme Court decisions as resting on waiver of error, leading to affirmance rather than dismissal: 'If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case. If all the errors complained of come within the waiver, the decree below will be affirmed, but only after hearing.' [Quoting *Pacific Railroad v. Ketchum,* 101 U.S. 289, 295, 25 L.Ed. 932 (1880).]

*Shores v. Sklar,* 885 F.2d 760, 764 n. 7 (11th Cir.1989), *cert. denied,* 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990). In *Shores,* the Eleventh Circuit adopted the principle suggested by the commentators, holding that a party who consents to judgment while explicitly reserving the right to appeal preserves that right. We follow the same rule. *See Hudson,* 922 F.2d at 1313; *accord Coughlin v. Regan,* 768 F.2d 468, 470 (1st Cir.1985) ("While it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed.").

The next issue, then, is whether Iron Peddlers explicitly preserved its right to appeal. The record is sketchy on this point. At a hearing held immediately prior to a scheduled trial, Iron Peddlers agreed to the judgment, but expressed its desire to later appeal the district court's decision on the Motion *in Limine.* The Bank expressed indifference to Iron Peddlers' desire to appeal, and emphasized its desire to execute the judgment immediately. Eventually, the court entered judgment in favor of the Bank as the parties agreed, with the caveat that the judgment was rendered "without waiving the right of the defendant to appeal the exclusion of the above evidence and argument." It is questionable whether this scenario constitutes an unequivocal reservation of the right to appeal. However, the Bank does not argue waiver. Instead, the Bank concentrates its defense of the appeal solely on the issue raised by Iron Peddlers: whether the district court erred in granting the Motion *in Limine.* That is the issue we consider.

■ Iron Peddlers initially argues, without explanation, that the appropriate standard of review "is the same as that for decisions made on the pleadings under Rule 12(b)(6) and Rule 12(c)." The Bank does not respond to this argument. It argues simply that the district court did not err in precluding the evidence. Contrary to Iron Peddlers' assertion, we review a district court's decision to preclude evidence in granting a motion *in limine* under an abuse of discretion standard. *Prudential Ins. Co. v. Miller Brewing Co.*, 789 F.2d 1269, 1280 (7th Cir.1986). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court. If reasonable persons could differ, no abuse of discretion can be found." *Harrington v. DeVito*, 656 F.2d 264, 269 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982). Under the appropriate standards, the question in this case becomes whether "no reasonable person" could agree with the district court's view that the evidence precluded was irrelevant.

■ In Indiana, "[c]onversion is a tort involving the appropriation of the personal property of another to the tortfeasor's own use and benefit, in exclusion and defiance of the owner's rights and under an inconsistent claim of title." *Howard Dodge & Sons, Inc. v. Finn*, 391 N.E.2d 638, 640 (Ind.Ct.App. 1979). "[T]he fact that a tortfeasor may have acted in good faith in assuming dominion over the owner's property is immaterial." *Id.* at 641. To establish a claim for conversion, therefore, a plaintiff must establish that it had ownership of the property and that the defendant's possession was without right. *Yoder Feed Serv. v. Allied Pullets, Inc.*, 359 N.E.2d 602, 604 (Ind.Ct.App.1977); *Jones v. Kilborn*, 125 Ind.App. 88, 122 N.E.2d 739, 740 (1954).[1] The fact that the Bank made money by selling the two trucks which Iron Peddlers traded to B & P is not relevant to the issue of conversion. Nor is any argument that the Bank implicitly "agreed to" or "waived" the conversion of the trucks relevant to this inquiry, especially since such an agreement or waiver is not apparent on the

record. At the very least, the district court did not abuse its discretion in finding these matters irrelevant.

We note the problem we would face if we had concluded that the district court erred in "admitting" the evidence. To determine whether the judgment should be reversed, we would need to assess whether the admitted evidence was harmless. However, because there was no trial, it would be difficult to determine whether the preclusion of the evidence influenced the result. In fact, the result in this case was based on consent, and not upon an assessment of evidence by a trier of fact. We might, at such a point, have had to reach back to the principle of waiver to decide whether Iron Peddlers truly could have preserved its right to appeal when it waived its right to trial. *Cf. United States v. Harvey*, 959 F.2d 1371, 1374–75 (7th Cir. 1992) (criminal defendant waives appellate consideration of district court's decision to grant motion *in limine* to preclude evidence, if the criminal defendant never attempts to introduce the evidence at trial). However, this is speculation on our part. Because the district court did not abuse its discretion in precluding this evidence, the judgment of the district court is

AFFIRMED.

---

1. According to the terms of the lease, the Bank continued to hold legal title in the trucks when it leased them to B & P. But legal title is not an issue in this appeal. Iron Peddlers has chosen to appeal only the district court's decision on the Motion in Limine.