**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**
Appellee

v.

**LOCAL 689, AMALGAMATED TRANSIT UNION,**
Appellant.

No. 15–7078.

United States Court of Appeals, District of Columbia Circuit.

March 11, 2016.

Harvey Alan Levin, Thompson Coburn LLP, Gerard J. Stief, Washington Metropolitan Area Transit Authority (WMATA), Office of the General Counsel, Washington, DC, for Appellee.

Douglas Taylor, Gromfine, Taylor, and Tyler PC, Alexandria, VA, for Appellant.

Before: TATEL, BROWN and MILLETT, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from the United States District Court for the District of Columbia was considered on the record and the briefs from the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order entered on July 14, 2015 be affirmed.

The Washington Metropolitan Area Transit Authority (WMATA) filed an action in district court to enjoin arbitration of two grievances brought by the appellant, Local 689, Amalgamated Transit Union ("Union"). After the district court entered a preliminary injunction preventing arbitration, the parties filed a joint motion for entry of final decision. *See* Joint Motion for Entry of Final Decision and Order on the Merits at 1, *WMATA v. Local 689, Amalgamated Transit Union*, No. 1:15–cv–536 (D.D.C. July 9, 2015). The motion asked the court to "ent[er] a final decision and order on the merits consistent with" the preliminary injunction. *Id.* at 3. Acting on that motion, the district court issued an order making the injunction permanent and closing the case. *See* Order, *WMATA v. Local 689, Amalgamated*

*Transit Union*, No. 1:15–cv–536 (D.D.C. July 14, 2015).

WMATA argues that the Union waived its right to appeal by consenting to judgment. The consent-to-judgment doctrine "provides that a party that consents to entry of final judgment waives its right to appeal the judgment unless it expressly reserves that right." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1018 (D.C.Cir. 1998); *see Scanlon v. M.V. Super Servant 3*, 429 F.3d 6, 8–10 (1st Cir.2005); *INB Banking Co. v. Iron Peddlers, Inc.*, 993 F.2d 1291, 1292 (7th Cir.1993). Certain exceptions exist, among them the claim that a party did not actually consent. *See Coughlin v. Regan*, 768 F.2d 468, 470 (1st Cir.1985). Litigants may also challenge on appeal "the district court's subject matter jurisdiction," notwithstanding a consented-to judgment. *Pena*, 147 F.3d at 1019.

Here, the joint motion was silent as to the Union's right to appeal. In *Pena*, the Department of Energy satisfied the consent-to-judgment doctrine by including, in a motion for expedited entry of a permanent injunction, a sentence reserving the right to appeal. *See id.* at 1018–19. The Union in this case failed to satisfy that standard, waiving its right to appeal.

To avoid that result, the Union asks the court to look beyond the language of the motion to the intent of the parties. We decline the invitation. Trolling for an unarticulated intent to appeal flies in the face of our precedent holding that a party's right to appeal must be "expressly reserved." *Id.* at 1019. None of the exceptions to the consent-to-judgment excuse the Union's error. Nor does the fact that the district court styled its order as "a final, appealable order" enable the Union to appeal. *See* Order, *supra*, at 1. The proposed order submitted jointly by the parties did not contain any such language; it is not enough to depend on ambiguous,

and fortuitous, language added *sua sponte* by the district court. We need not decide in this case whether the inclusion of such language by a party would satisfy the express reservation standard.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.