**UNITED STATES of America,**
**Plaintiff,**

v.

**Edwin M. STINNETT and Edwin M.**
**Stinnett, II, Defendants.**

**Civ. No. 70–16.**

United States District Court,
W. D. Oklahoma.

Nov. 20, 1970.

William R. Burkett, U. S. Atty., W. D. Okl., Oklahoma City., Okl., Frank O. Hill, Office of the Staff Judge Advocate, Ft. Sill, Okl., for plaintiff.

J. A. O'Toole of Cook, O'Toole & Tourtellotte, Oklahoma City, Okl., for defendants.

### ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, District Judge.

Plaintiff sues Defendants under the Medical Care Recovery Act, 42 U.S.C. § 2651 et seq. (Act), as persons liable in tort for injuries sustained by one (Deborah McCasland) who as a Government military dependent received under law hospital and medical care for such injuries furnished by the Plaintiff. By Answer, the Defendants admit jurisdiction, admit Plaintiff's right to bring the action and admit that the injured person was a military dependent entitled to receive medical care and treatment from the Plaintiff for her injuries. By a Stipulation of Facts, the parties have agreed that as a result of the accident involved the Plaintiff furnished hospital and medical care to said dependent of a reasonable value of $1,044.00 and that on August 21, 1967 a Journal Entry (of Judgment) resulting from an agreed compromise settlement was entered by the Superior Court for Commanche County, Oklahoma in the action of Deborah McCasland, a minor, by her father and next friend, Wesley J. McCasland v. Edwin M. Stinnett and Edwin M. Stinnett, II, Case No. S–3685, with a copy of the state court Petition and Journal Entry (of Judgment) based thereon being attached and made a part of the Stipulation of Facts. The said Journal Entry (of Judgment) provided,

"* * * And the Court, being fully advised, on consideration, finds that Plaintiff has sustained the allegations of her petition, and is entitled to judgment accordingly. * * *

The Court having heard testimony by both parties and after weighing all the evidence finds that the Plaintiff

has sustained the allegations of her petition and is entitled to recover damages * * *"

In this posture, the Plaintiff has moved for summary judgment claiming that there is no genuine issue as to a material fact as the liability of Defendants as tortfeasors responsible for the dependent's injuries is conclusively established herein by the Oklahoma Superior Court Judgment under the doctrine of collateral estoppel or estoppel by judgment and the amount of Plaintiff's recovery has been stipulated to by the parties. Defendants oppose the Motion for Summary Judgment asserting that because the state court judgment was a consent judgment involving a court-approved compromise settlement, the same does not operate as estoppel by judgment or collateral estoppel and binds only those parties actually consenting thereto.

The Act, for certain limited purposes, has been held to have created an independent right of recovery in the Government rather than a right by subrogation.[1] United States v. Jones, 264 F.Supp. 11 (D.Va.1967). But rights through subrogation may not be ignored for all purposes as the Act provides in Section 2651(a), "* * * the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished * * * and shall as to this right, be subrogated to any right or claim * * * against such third person."

The Court finds that the Plaintiff herein was in privity with the plaintiff in the state court case and the judgment entered therein. 72 C.J.S. Privity; Privies; Privy, page 954 et seq.[2] This privity is based on the Plaintiff herein having an interest in the action of the plaintiff in the state court case by operation of law because it had furnished hospital and medical care to said plaintiff as a military dependent and by law became subrogated as to the right to recover the reasonable value thereof against a tortfeasor causing the injury which required the hospital and medical care. Thus, there exists the required mutuality of interest in the state court action between the Plaintiff and the dependent (plaintiff in the state court case) to bring about the relationship of privity between said parties as to the state court action and judgment.

Finding privity as aforesaid, it matters not, as urged by the Defendants, that the state court judgment was a consent judgment based on compromise and settlement between the Defendants there and here and the plaintiff in the state court case rather than a judgment based on a contested trial. A valid consent judgment or decree based upon a compromise and settlement precludes the parties and their privies from relitigating an issue involved therein. Annotation: Consent Judgment as Res Adjudicata, 97 L.Ed. 1188 (1953), at pages 1188–1205;[3] 2 A.L.R.2d 514, at pages

---

1. And it has been held that the Government may file an independent action even though it did not intervene in an earlier suit brought by the injured party. United States v. Merrigan, 389 F.2d 21 (3 Cir. 1968). By being an independent federal right of action, the Oklahoma rule against splitting a single cause of action stated in Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., 436 P.2d 654 (Okl. 1968), is not applicable to this case.

2. "Privies are persons who are parties to, or have an interest in, any action or thing, or any relation to another; persons connected together, or having a mutual interest in the same action or thing, by some relation other than that of actual contract between them; * * *" 72 C.J.S. at pages 957–958.

"A judgment is conclusive and binding on persons who are in privity with the parties to the action with respect to the subject matter of the litigation, and this rule is stated in Judgments §§ 787–810, and discussed there are the relationships which will or will not constitute privity." 72 C.J.S. at page 959.

3. "As a general proposition, it is well settled that a valid judgment or decree entered by agreement or consent operates

543–554. See United States v. United Air Lines, Inc., 216 F.Supp. 709 (E.D. Wash. and D.Nev.1962), affirmed on this issue, United Air Lines, Inc. v. Wiener, 335 F.2d 379 (Ninth Cir.1964), cert. dismissed 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549. Therefore, Defendants are precluded from relitigating the issue of their liability for the accident involved which stands admitted and judicially accepted in the state court litigation.

As there is no genuine issue of material fact present in this case, the Plaintiff is entitled to Summary Judgment on its Complaint. It is, therefore, ordered that Plaintiff is granted Summary Judgment against Defendants in the amount of $1,044.00.

as res judicata to the same extent as a judgment or decree entered after answer and contest, and is binding and conclusive upon the parties, and those in privity with them." 97 L.Ed. pages 1191–1192.