ASSOCIATION OF COMMUNITY ORGA-
NIZATIONS FOR REFORM NOW
(ACORN), et al., Plaintiffs–Appellees,

v.

James R. EDGAR in his official capacity
as Governor of the State of Illinois,
et al., Defendants–Appellants.

No. 96–3186.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 1996.

Decided Oct. 31, 1996.

Steve Bachmann (submitted), Granger, IN, Alexandra E. Mora, New Orleans, LA, for Plaintiff–Appellee Association of Community Organizations for Reform Now.

Steve Bachmann (submitted), Granger, IN, for Plaintiffs–Appellees Equip for Equality, Jacqueline Andrade, Gwendolyn Coleman, Chinetha Dixon, Joey L. Wooden.

Roger Flahaven, Iain D. Johnston, Office of the Attorney General, Chicago, IL, Brian F. Barov, Office of the Attorney General, Criminal Appeals Division, Chicago, IL, Tyrone C. Fahner, Lynne M. Raimondo, Fredrick S. Levin, Richard E. Weber, II, Mayer, Brown & Platt, Chicago, IL, for Defendants–Appellants James R. Edgar, Illinios State Board of Elections and George H. Ryan.

Roger Flahaven, Iain D. Johnston, Office of the Attorney General, Chicago, IL, Brian F. Barov, Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for Defendants–Appellants David E. Murray, Ronald D. Michaelson.

Thomas R. Meites, Joan H. Burger, Lynn S. Frackman, Paul W. Mollica (submitted), Meites, Frackman, Mulder & Burger, Chicago, IL, for League of Women Voters of Illinois, Catherine A. Calder, and Rene D. Luna.

Maria G. Valdez (submitted), Mexican American Legal Defense & Education Fund, Chicago, IL, Arthur Aram Baer, Puerto Rican Legal Defense and Education Fund, Inc., New York City, for League of United Latin American Citizens.

Michele M. Fox, Office of the United States Attorney, Civil Division, Appellate Section, Chicago, IL, Steven H. Rosenbaum, Samuel R. Bagenstos (submitted), Department of Justice, Civil Rights Division, Appellate Section, Washington, DC, Tricia A. Tingle, Barry H. Weinberg, Elizabeth Johnson, United States Department of Justice, Washington, DC, for U.S.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

We are asked to dismiss this appeal on the ground that the would-be appellants, the defendants in the Illinois "motor voter" case (see *Association of Community Organizations for Reform Now (ACORN) v. Edgar*, 56 F.3d 791 (7th Cir.1995)), waived their right of appeal. On August 1 of this year the district court entered an order to which the parties had consented which permanently enjoined the defendants from administering or enforcing certain regulations concerning voter registration that the court had earlier determined to be in conflict with the federal law. A party to a consent decree or other judgment entered by consent may not appeal unless it *explicitly* reserves the right to appeal. *INB Banking Co. v. Iron Peddlers, Inc.*, 993 F.2d 1291, 1292 (7th Cir.1993); *Coughlin v. Regan*, 768 F.2d 468, 470 (1st Cir.1985); *Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986). The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit. *Justice v. CSX Transportation, Inc.*, 908 F.2d 119, 125 (7th Cir.1990). It is true that sometimes in a contested case the judge will render decision and tell the parties to agree on the wording of the judgment order or on other details left open by the decision. Such a "consent judgment" would carry no implication of any waiver of the right to appeal. The defendants do not contend that this is such a case. Instead they point to the following language in the decree, language that they claim constitutes an explicit reservation of their right to appeal: "The Defendant, State Board of Elections, continues its objection to the September 6, 1995 order" (the order invalidating the regulations in question). This is not an explicit reservation of the right to appeal. Cf. *INB Banking Co. v. Iron Peddlers, Inc., supra,* 993 F.2d at 1292. Indeed, a more natural interpretation is that it is the standard refusal of the defendant in a case that has been settled to acknowledge wrongdoing. We assume that when the judgment was drafted the state's legal officers knew both that their reservation of the right to appeal had to be explicit in order to be effective and how to draft an explicit reservation (for example, by stating: "The defendants reserve the right to appeal from this judgment"). If they didn't know these things, they're in the wrong profession.

The defendants waived their right to appeal. Their effort to retract the waiver borders on the frivolous. Both this court and the people of Illinois expect and deserve better from the Attorney General of Illinois. *Cooper v. Casey*, 97 F.3d 914, 918–19 (7th Cir.1996).

APPEAL DISMISSED.