DECISION
Plaintiff-appellant, Emily S. Chase, appeals from a decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, terminating her marriage to defendant-appellee Matthew W. Chase. Although the trial court's final decree addresses all aspects of the parties' divorce, including spousal support, child support, and the division of assets, the sole focus of the appeal is the trial court's refusal to join appellee's brother, Bruce R. Chase, and an affiliated corporate entity, Enact, Inc., as party defendants under Civ.R. 75, on the theory the two entities controlled assets in which appellee had an interest.
The parties were married in 1979 and three children were born of the marriage. At the time of the final decree, only the youngest child was still a dependent living with appellant. Appellant filed her complaint requesting a legal separation on December 30, 1996, and appellee answered and counterclaimed for divorce on January 24, 1997.
Through the course of the marriage, appellee provided a very substantial income to his family through entrepreneurial undertakings in the computer field, while simultaneously completing medical school and working as an emergency room physician. Approximately one year before the parties separated, appellee abandoned his practice as an emergency room physician, where he had been earning in excess of $200,000 a year, and began working as a computer programmer with his twin brother Bruce, who was attempting to develop a software company. The two brothers had cooperated in prior similar enterprises, but this latest venture, known as Enact, Inc. ("Enact"), was, at least initially, promoted solely by Bruce. Appellee initially worked for no salary, and later took a salary of $80,000 a year. Enact eventually progressed to the point that it could be sold to a NASDAQ-listed entity formerly known as SalesLogix, now known as Interact Commerce Corporation.[1] Both appellee and Bruce continued employment as programmers with Enact after the purchase by SalesLogix/Interact Commerce.
Through the course of the proceedings, appellant repeatedly tried to join Bruce R. Chase and Enact as parties, maintaining that, although there was no formal documentation to reflect an ownership interest by appellee, appellee maintained a substantial "sweat equity" interest in Enact which he had built by accepting at first no income, then a very low level of income compared to his market value as a programmer and his prior income as a physician. After the trial court overruled appellant's first motion for joinder, appellant obtained deposition testimony from Mr. Stuart Griffin Burgh, former CEO of Enact prior to the sale to SalesLogix/Interact Commerce, which allegedly supported her contention that appellee had deliberately "dummied" his earnings in order to build hidden equity and reduce his income for purposes of spousal and child support. Appellant also obtained information regarding the terms under which Enact was sold to SalesLogix/Interact Commerce, including a provision under which Bruce R. Chase could be divested of some of the shares received in the sale if appellee did not maintain his employment with Enact for one year after the merger. The trial court again overruled appellant's renewed motion to join Bruce R. Chase and Enact as parties.
After the court's denial of her last motion for joinder, the parties reached a settlement on the eve of trial in the divorce. Counsel for appellant attempted to preserve the joinder issue for appeal by stating on the record that the settlement was agreed to only because of the unavailability of Enact and Bruce R. Chase as parties, and the resulting difficulty in discovering further information regarding appellee's possible interest in Enact.
Appellant has timely appealed from the trial court's judgment and brings the following single assignment of error:
 IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO OVERRULE APPELLANT'S MOTION TO JOIN BRUCE R. CHASE AND INTERACT COMMERCE CORPORATION AS PARTY DEFENDANTS PURSUANT TO CIV.R. 75(B) WHERE PLAINTIFF SOUGHT AN AWARD OF SPOUSAL SUPPORT AND/OR OTHER SUPPORT FROM BRUCE R. CHASE AND INTERACT COMERCE CORPORATION.
Also before the court is a motion brought by appellee to dismiss the appeal for lack of a final appealable order.
As the case is now postured before the court, it presents two narrow issues: first, whether the trial court abused its discretion in denying joinder of Bruce R. Chase and Enact pursuant to Civ.R. 75; and second, whether appellant can bring an appeal from the final decree which appellee asserts represents a consent judgment based on a settlement between the parties and thus, is not appealable. We will address the latter issue first, as it also disposes of any need to address the former.
Appellee's motion to dismiss the appeal concedes that the decree of divorce is a "final order" as defined in R.C. 2505.02. Appellee asserts, however, that since the decree was the product of an in-court settlement, it is a consent judgment from which no appeal will lie.
In Wells v. Warrick Martin Co. (1853), 1 Ohio St. 386, the Ohio Supreme Court flatly held in the syllabus that "[a] judgment of a court of competent jurisdiction, rendered by consent of parties, will not be reversed." In the same vein, the Ohio Supreme Court stated in Jackson v. Jackson (1865), 16 Ohio St. 163, 166:
 The record shows that the judgment was based, not upon the finding or holding of the court but upon the "consent of parties." It is immaterial what induced the parties to consent to the judgment; it was sufficient that the consent was given. The jurisdiction and authority of a court to render such judgment in the case is not questioned. Whatever other errors the court may have committed, there surely was none in rendering such final judgment as the parties consented to have entered in the case; and if it be substantially decisive of the case, whatever its form may be it is conclusive between them, and will not be reversed on error.
This principle was reiterated more recently by an Ohio Appellate Court in Tradesmen Internatl. Inc. v. Kahoe (2000), Cuyahoga App. No. 74420, unreported, quoting Assn. of Community Orgs. for Reform Now v. Edgar (C.A.7, 1996), 99 F.3d 261, 262:
 A party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit.
The principle that a party may not appeal from a consent judgment absent an explicit reservation of the right to appeal a given issue clearly expressed in that judgment was also recognized by the United States Supreme Court in Donovan v. Penn Shipping Co., Inc. (1977),429 U.S. 648, 649: "a plaintiff cannot `protest' a remittitur he has accepted in an attempt to open it to challenge on appeal." Although the court in Donovan noted differing views among the states on this issue, a precedent was clearly established for federal law, and Ohio on this question appears in clear accord with the federal authorities.
In the present case, the final judgment and decree of divorce was undisputedly the product of a settlement between the parties. Appellant stresses that the following language appears in the judgment: "It is FURTHER ORDERED, ADJUDGED and DECREED that as to the joinder of Bruce Chase and [Interact Commerce], based upon the record, files, transcripts, evidence and exhibits as presented by Plaintiff, said motion is denied and the court notes Plaintiff's objection relating thereto." (Judgment Entry at 7. Emphasis added.) We find that this language does not constitute the sort of explicit reservation of rights necessary to allow an appeal from a consent judgment. When the court noted appellant's "continuing objection," this no more than restates the obvious: that appellant was dissatisfied with the court's prior ruling finding in favor of Bruce R. Chase and Enact. Every settlement is the result of difficult choices growing out of the conduct of litigation, some of them adverse to each party. A measure of dissatisfaction is thus implicit in the settlement process, and does not vitiate the binding effect of a resulting consent judgment. We acknowledge that the trial court's decision on the joinder issue foreclosed a possibly important avenue for appellant in the pursuit of establishing additional resources upon which payment of spousal and child support might be based. Comparable adversity can no doubt be found in almost every domestic case which does not proceed to full trial. As pointed out by appellee, allowing an appeal on these facts seriously impairs the notion of finality of judgments. This also would allow a party to establish a contractually agreed floor for minimum recovery, with the possibility of coercing additional recovery by prosecuting an appeal, and ultimately rendering almost every consent judgment entered in domestic relations court subject to appeal.
Because we find that the language of the judgment entry, and thus by inference the language of the settlement effectuated by the parties, does not reflect the necessary explicit reservation of the right to appeal on the joinder issue, we find that appellee's motion to dismiss is well-founded. The motion will accordingly be granted and the appeal dismissed. We consequently do not reach the substantive issues presented in appellant's appeal.
In accordance with the foregoing, appellee's motion to dismiss is granted, and the appeal is dismissed.
 ___________________ DESHLER, J.
TYACK and LAZARUS, JJ., concur.
[1] During the course of this appeal, Interact Commerce itself was acquired by a larger software firm, The Sage Group, plc. In the interest of simplicity in addressing the issues raised in this appeal, we will nonetheless continue to refer to Interact Commerce as an independent entity.