DECISION
Defendant-appellant, Anna F. Sharp, appeals from a decree of divorce and final judgment entry entered by the Franklin County Court of Common Pleas, Division of Domestic Relations.
The parties were married in 1987 and one child, Megan, was born of the marriage in 1995. The parties experienced marital difficulties soon after Megan's birth and Ms. Sharp moved out of the marital residence in March 1999. Plaintiff-appellee, Daniel T. Sharp filed his complaint for divorce on May 11, 1999, and Ms. Sharp responded with her own complaint filed May 12, 1999. The court issued a temporary order awarding the parties shared parenting with Mr. Sharp as school placement parent.
The parties were unable to agree on custody issues and these were heard before a magistrate. On August 11, 2000, the magistrate issued a decision ordering that Ms. Sharp be designated the residential parent and legal custodian of Megan, with Mr. Sharp to receive visitation pursuant to Loc.R. 27 of the Common Pleas Court of Franklin County, Division of Domestic Relations. Mr. Sharp filed objections to the magistrate's decision. The objections were heard before the trial court, and on March 13, 2001, the trial court reversed the magistrate's allocation of parental rights and responsibilities, designating Mr. Sharp as the sole residential parent and legal custodian of Megan. Ms. Sharp was awarded visitation and ordered to pay child support and maintain health insurance for Megan.
After the trial court's decision on custody matters, the parties negotiated a separation agreement and final divorce decree settling matters pertaining to property division and support. The final judgment entry/decree of divorce entered by the trial court on May 9, 2001, incorporates the court's prior decision on custody, notes that the parties have "agreed to modify paragraphs five and six of the Decision and Judgment Entry" addressing custody, and incorporates the parties' separation agreement governing spousal support and property division.
Ms. Sharp has timely appealed from the trial court's decision and brings the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DESIGNATING PLAINTIFF AS THE CHILD'S SOLE RESIDENTIAL PARENT AND LEGAL CUSTODIAN.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF WAS THE PARENT MOST LIKELY TO HONOR AND FACILITATE VISITATION.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT'S FINDING THAT DEFENDANT MADE LITTLE EFFORT TO FACILITATE THE CHILD'S RELATIONSHIP WITH PLAINTIFF'S FAMILY WAS UNREASONABLE AND ARBITRARY AND AN ABUSE OF DISCRETION.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED CLEAR ERROR WHEN IT FAILED TO CREDIT DEFENDANT FOR MEDICAL AND HEALTH CARE INSURANCE FOR THE BENEFIT OF THE MINOR CHILD.
Also before the court are two motions to dismiss the appeal by Mr. Sharp. We will first address the motions to dismiss.
Mr. Sharp's first motion to dismiss asserts that Ms. Sharp has failed to file her appellate brief within the time designated by rule. The record reflects that the court granted Ms. Sharp an extension of time in which to file her brief, and this motion to dismiss is accordingly overruled.
Mr. Sharp's second motion to dismiss asserts that the appeal should be dismissed both because the notice of appeal fails to identify the specific order being appealed from as required by App.R. 3(D), and because the final decree of divorce appealed from is the result of a consent judgment from which an appeal may not lie. We initially find that the first ground for dismissal claimed by Mr. Sharp is without merit, because appellant's notice of appeal adequately identifies the final judgment appealed from, which incorporates all prior orders of the trial court which were not final appealable orders and consequently could not be independently appealed. We agree with Mr. Sharp, however, that as the final judgment appealed from is a consent judgment, it may not be appealed.
"A judgment of a court of competent jurisdiction, rendered by consent of parties, will not be reversed on error." Wells v. Warrick Martin 
Co. (1853), 1 Ohio St. 386, syllabus. Based upon this precedent, Ohio courts have held that a party to a consent decree cannot appeal the consent judgment unless the party has expressly reserved the right to appeal the contested issues. Tradesmen Internatl., Inc. v. Kahoe (Mar. 16, 2000), Cuyahoga App. No. 74420, unreported.
 A party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. * * * The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit. * * * [Emphasis sic.]
Assn. of Community Orgs. for Reform Now v. Edgar (C.A.7, 1996),99 F.3d 261, 262.
We have recently addressed a comparable motion to dismiss on similar facts in a domestic relations case: Chase v. Chase (May 31, 2001), Franklin App. No. 00AP-951, unreported. In that case, the wife in the divorce action sought to compel joinder of other parties whom she asserted might control assets in which the husband had a financial interest. After joinder of the other parties was denied by the trial court, the husband and wife reached a settlement on other issues and submitted an agreed final entry and decree of divorce. The wife then sought to appeal the trial court's denial of her motion to join other parties. Our decision found that, in the absence of any explicit reservation of the right to appeal the contested issues which have been resolved by the trial court prior to the parties reaching an agreement, no appeal would lie.
In the present case we find, as we did in Chase, that no explicit right to appeal the right of custody has been reserved in the final entry and decree of divorce. As we observed in Chase, "[e]very settlement is the result of difficult choices growing out of the conduct of litigation, some of them adverse to each party. A measure of dissatisfaction is thus implicit in the settlement process, and does not vitiate the binding effect of a resulting consent judgment. * * * Comparable adversity can no doubt be found in almost every domestic case which does not proceed to full trial. * * * [A]llowing an appeal on these facts seriously impairs the notion of finality of judgments." Chase, supra.
We accordingly find that appellant, Ms. Sharp, has failed to preserve the issue of custody for appeal after entry of the agreed final judgment entry and decree of divorce were filed. Accordingly, Mr. Sharp's motion to dismiss for lack of a final appealable order will be granted.
Appellee's motion to dismiss granted; appeal dismissed.
BOWMAN, J., and TYACK, P.J., concur.