This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Hinton and Keith Development, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
Appellees, David K. Bromley, et al., filed a complaint against appellant on February 20, 2001, seeking injunctive and declaratory relief. In the complaint, appellees requested that appellant be enjoined from obstructing the gravel access drive over appellant's property. Additionally, appellees requested that the trial court declare that an implied easement to use the driveway had been established.
The matter was transferred to a magistrate. On May 3, 2001, a bench trial was held, and, on June 11, 2001, the magistrate found that appellees were entitled to a grant of an implied easement. Appellant filed objections to the magistrate's decision. On July 31, 2001, the trial court entered judgment in favor of appellees, finding the creation of an implied easement. On August 7, 2001, appellant filed a motion to clarify and supplement the judgment of the trial court. On August 20, 2001, the trial court issued an order which was approved by both appellees and appellant. The purpose of the order was both to clarify and supplement the "former Final Judgment filed July 31, 2001[.]" This appeal followed.
Appellant asserts four assignments of error:
 First Assignment of Error The trial court (in adopting the Decision of the Magistrate) committed prejudicial error in summarily and persistently ruling that the intention of the grantors of the claimed easement was immaterial and not to be considered.
 Second Assignment of Error The trial court (in adopting the Decision of the Magistrate) committed prejudicial error in failing to rule as a matter of law and the weight of the evidence that the intention of the grantors of the claimed easement was to grant occasional, temporary and conditional use of the driveway, subject to revocation by the grantor.
 Third Assignment of Error The trial court (in adopting the Decision of the Magistrate) committed prejudicial error in failing to rule as a matter of law that the usage permitted by the common owners of the estate prior to severance was not shown by the greater weight of the evidence to be such as to fairly permit the inference of an intent to create a permanent servitude on the one parcel in favor of the other.
 Fourth Assignment of Error The trial court (in adopting the Decision of the Magistrate) erred in ruling that an implied easement is enforceable against Defendant inasmuch as Defendant was a bona fide purchaser of the property at 120 East Cuyahoga Falls Avenue (Lot 38) without constructive or actual knowledge of such easement.
Appellant assigns several grounds of error to the trial court's judgment. In response, appellees assert that the August 20, 2001 consent order constitutes the final judgment of the trial court and, as such, is not appealable. We agree that the August 20, 2001 order represents a binding and conclusive agreement between the two parties.
"A valid consent judgment or decree based upon compromise and settlement precludes parties and their privies from relitigating issues involved therein." Wasson v. Brumbaugh (June 26, 1981), Wood App. No. WD-80-70, unreported, 1981 Ohio App. LEXIS 11872, at *4, citing to U.S.v. Stinnett (W.D.Okla. 1970), 318 F. Supp. 1337, 1338. Further,
 "A party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit."
Tradesmen Internatl. Inc. v. Kahoe (Mar. 16, 2000), Cuyahoga App. No. 74420, unreported, 2000 Ohio App. LEXIS 1026, at *18-19, quoting Assn. ofCommunity Orgs. for Reform Now v. Edgar (C.A.7, 1996), 99 F.3d 261, 262.
In the present case, appellant moved the trial court to clarify and supplement its judgment by the issuance of an order which would limit appellees' rights and use of the easement granted by the court. On August 20, 2001, the trial court issued an order approved by both parties which purported to clarify and supplement the "former Final Judgment[.]" This order, which was signed by the parties, stated that the "Final Judgment, the easement herein and this Order shall inur to the benefit of and be binding upon the original parties, new parties in interest * * *, their successors and assigns in interest and title."
As the August 20, 2001 order was rendered with the consent of the parties, was approved by the court, and did not specifically reserve the right to appeal, the parties are precluded from relitigating the issue before this court. The order is conclusive between the parties. Accordingly, appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.