NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009[*]
Decided May 29, 2009

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3140

| | |
|---|---|
| SHAUN DONOVAN, Secretary of Housing and Urban Development, *Petitioner*, | On Petition to Enforce an Administrative Consent Order of the United States Department of Housing and Urban Development. |
| *v.* | |
| MICHAEL BASSALI, *Respondent*. | No. 07-044-FH |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Roziel Reyes filed a complaint with the United States Department of Housing and Urban Development (HUD), claiming that landlord Michael Bassali violated the Fair Housing Act by refusing to rent to Reyes on the basis of her familial status. *See* 42 U.S.C. § 3604(c). After Bassali failed to attend the initial hearing on the complaint, the ALJ granted HUD's motion for a default judgment and, shortly thereafter, entered an order to which both parties consented, requiring Bassali to pay Reyes $15,000, pay the government $2,000, and attend fair housing training. HUD then dismissed the complaint with prejudice, as agreed. *See* http://www.hud.gov/offices/fheo/enforcement/bassali-consent.pdf *(*last visited May 15, 2009). Bassali failed to comply with his obligations in the consent order and HUD now petitions for enforcement of that order. *See* 42 U.S.C. § 3612(j).

Bassali responded to the Secretary's petition, arguing that his attorneys misled him into accepting the consent order and that HUD should expunge from the internet the now-dismissed allegations. But he never filed a petition for review of the consent order, raising these objections, within 45 days as required under the Act. *See* 42 U.S.C. § 3612(l). What is more, the consent order contains an explicit waiver of Bassali's right to petition for review, which prevents us from considering any of the objections. *See ACORN v. Edgar*, 99 F.3d 261, 262 (7th Cir. 1996). Because the Act provides that the clerk of the court of appeals "shall forthwith" enter a decree enforcing the order where no petition for review has been filed, 42 U.S.C. § 3612(n), HUD is entitled to enforcement of the consent order. And in any case, the consent order contains no promise to rid the internet of all references to the allegation, and Bassali's complaint about his attorneys may be brought against them in a separate suit, but not in these proceedings.

Accordingly, we GRANT the petition and hereby ENFORCE the consent order.