[Cite as *Mentor v. Molk*, 2013-Ohio-3975.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF MENTOR, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-138** |
| MATHEW S. MOLK, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11CV002511.

Judgment: Affirmed.


*Richard A. Henning*, Mentor City Law Director, and *Joseph P. Szeman*, Mentor City Assistant Law Director, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Mathew S. Molk*, pro se, 7386 Park Drive, Mentor, OH 44050 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Mathew S. Molk, appeals the agreed judgment entry of November 9, 2012, settling the issues raised in the complaint for injunctive relief, filed by appellee, the city of Mentor, against appellant and his wife, Diana J. Molk.[1] Pursuant to the judgment, the Molks were ordered to remove all vehicles, other than properly licensed, functioning, legally parked non-commercial vehicles; auto parts; tires; and all

---

1. Although the notice of appeal listed both Mathew S. Molk and Diana J. Molk, Ms. Molk did not sign the notice of appeal; therefore, even though she signed appellant's brief in this case, she is not a proper party to this appeal.

other materials, including fencing, from their residential property by April 1, 2013. Further, the Molks were ordered to maintain their property in accord with the Codified Ordinances of the city of Mentor. The Molks were also permanently enjoined from any use of their property in violation of said ordinances.

{¶2} Appellee sought injunctive relief to abate various violations related to real property located within the city and owned by the Molks. In the complaint, appellee stated that because the property is located in an R-4 zoning district, commercial use is not permitted, pursuant to the Mentor Code of Ordinances. Appellee averred that the property has been used as an "office location for an otherwise lawful non-conforming commercial use," to wit: "for non-office commercial activities inclusive of storage and/or disposal of commercial materials and equipment, for parking and/or storage of commercial vehicles, and such other unlawful uses as may be ascertained through the course of discovery." Further, appellee maintained the property contained refuse within its rear yard, has been used for the parking and/or storage of vehicles, and the exterior constitutes a blighting factor, all in contravention to the Mentor Code of Ordinances.

{¶3} The parties engaged in discovery. On the day of trial, the parties entered into an Agreed Judgment Entry. The following, inter alia, was read into the record:

> As set forth in the agreed judgment entry we have a full compliance date April 1, 2013 wherein the Molks have agreed to remove from the exterior of the property all of the items as specified in the entry. We have a city's right of inspection that was also filed in April 2nd, 2013. And as certified for purposes of ensured compliance without any further notice city inspectors will be allowed to enter the property. Everything else was preprinted – oh, I'm sorry, we did fill in one blank which is this fencing, the border fencing will be removed as well.

2

{¶4} The court then inquired of appellant whether he had the opportunity to engage in the settlement discussions and read the document. Appellant responded in the affirmative. Additionally, the court inquired whether appellant agreed to all the terms in the agreement; appellant responded, "yes." The trial court then asked whether there have been any promises that enticed or caused appellant to make the agreement; appellant responded, "none whatsoever." The trial court then instructed appellant to read the entire agreement, check each page, and "make sure it's as you understand it to be and that you've read it. Take as much time as you need." Ms. Molk was also present and likewise expressed her consent to these terms.

{¶5} The agreed judgment entry was executed. Pursuant to the agreed judgment entry, the court reporter was to maintain 48 photographs taken depicting the exterior of the subject property. These photographs illustrated old tires, sheet metal, metal boxes, fuel storage tanks, tow lifts, various junk vehicles, pipes, and other miscellaneous items strewn on appellant's property.

{¶6} Appellant filed a notice of appeal from the agreed judgment entry and assigns the following errors, which we address in a consolidated fashion:

> [1.] The agreed judgment entry is invalid due to fraudulent misrepresentation made to appellants.
>
> [2.] The agreed judgment entry is invalid due to uncosentual [sic] alteration.
>
> [3.] The Trial Court abused it's discertion [sic] by accepting and journalizing the settlement agreement.

{¶7} A settlement agreement is a particularized form of a contract. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by

3

either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1995). If a contract encompasses the essential terms of the agreement, it is binding and enforceable. *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167, 169 (8th Dist.1983).

{¶8} A party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. The purpose of a consent judgment is to resolve a dispute without further litigation, and so would be defeated or at least impaired by an appeal. The presumption, therefore, is that the consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit.

*Assn. of Community Orgs. for Reform Now v. Edgar*, 99 F.3d 261, 262 (7th Cir.1996). *See also Tradesmen Internatl., Inc. v. Kahone*, 8th Dist. Cuyahoga No. 74420, 2000 Ohio App. LEXIS 1062 (Mar. 16, 2000).

{¶9} The agreed judgment entry does not preserve the right of appeal; however, in the interest of justice, we address appellant's assigned errors. On appeal, appellant maintains the settlement was entered into under the context of fraudulent misrepresentation; that appellee altered the agreed judgment entry without the consent of appellant; and that the trial court abused its discretion by accepting the settlement agreement. We find appellant's assertions unsupported by the record.

**{¶10}** First, appellant claims this case should have been dismissed with prejudice. The record demonstrates that although appellant wished to have the case dismissed with prejudice, the trial court informed appellant that it was going to retain jurisdiction to enforce the terms as established between the parties. The trial court then informed appellant that the agreement resolved all the issues, but if appellant did not follow the terms set forth in the agreement, appellant would be "back" in court. Moreover, the agreed judgment entry specifically states, "IT IS HEREBY ORDERED, ADJUGED AND DECREED that the Court reserves continuing jurisdiction to enforce its Orders and to make additional orders in furtherance of the same."

**{¶11}** Appellant also claims that appellee altered the agreement without his consent. The record does not support appellant's assertion. The record demonstrates that appellant violated several ordinances regarding the use of his property. The exhibits depict miscellaneous items, pipes, old tires, sheet metal, metal boxes, fuel storage tanks, tow lifts, and various junk vehicles strewn on appellant's property. Some of these items were contained within a fence located on appellant's property. The agreed judgment entry states that appellant was to remove from the exterior of the home "all vehicles (and component parts, other auto parts, and tires), all other materials and items of personal property, [and] all fencing, except solely the following: N/A." The record does not mention any items that were specifically excepted from the agreed judgment entry. In fact, the record establishes that appellant was required to remove "all of the items as specified in the entry." Although appellant claims appellee added the notation "N/A" after the parties signed the entry, the record establishes that appellant

5

knowingly entered into the agreed judgment entry, aware that he was to remove all of the aforementioned items from his property by a specified date.

{¶12} The trial court did not abuse its discretion in accepting the parties' November 9, 2012 settlement agreement.

{¶13} Appellant's first, second, and third assignments of error are without merit. Based on the foregoing, the judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.